# Richmond

EUGENE IVES v. COMMONWEALTH OF VIRGINIA.

December 6, 1943.

Record No. 2760.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

W. L. Devany, Jr., for the plaintiff in error.

Abram P. Staples, Attorney General, and M. Ray Doubles, Assistant Attorney General, for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

This case involves the confiscation of an automobile under the following circumstances: Eugene Ives, the plaintiff in error, is an alleged resident of the State of Florida. He had been employed in some governmental work in Chincoteague, Virginia. He went over to Maryland and purchased a quantity of whiskey and, with it, or a part of it, he was found in the city of Norfolk and was there apprehended and taken into custody upon the charge of driving under the influence of intoxicants and for violation of section 49a of the Alcoholic Beverage Control Act, which relates to the

illegal transportation of alcoholic beverages. This was on February 10, 1943. There was found in the trunk of the automobile two cases of whiskey, each containing twenty-four pints in the original packages and five pints in his hand bag. The automobile bore a New York license. Ives' testimony was to the effect that he had purchased this whiskey in Pocomoke City, Maryland, and for his personal use, and was *en route* to his home in Florida, stopping in Norfolk to have some keys made and get something to eat. The evidence for the Commonwealth showed that shortly before his arrest and on the same day he had offered to sell the whiskey to a man who operated a confectionery and sold beer, etc., in the city of Norfolk, and he had made the same offer to one of the confectioner's customers.

The result of the trial upon the charges referred to does not appear in the record.

The Commonwealth attorney for the city of Norfolk, began proceedings under the Alcoholic Beverage Control Act, Michie's Code section 4675 (38) and (38a), on February 19, 1943, to have the automobile condemned and sold. The required information was filed in the corporation court of the city of Norfolk and the clerk was instructed to cause publication of the notice prescribed by the statute. The information, which was sworn to, prayed that all interested persons be cited to appear on March 27, 1943, to show cause, if any, why the automobile should not be confiscated. The notice, for some undisclosed reason, was not published until March 25, 1943, and was made returnable to April 24, 1943. This was done at the instance of the Commonwealth attorney who, evidently finding that the publication of the notice had not been complied with, made a motion for a continuance on March 27, 1943, on which date the plaintiff in error made what he termed a special appearance and moved to quash the information, advancing a number of technical grounds therefor.

These are comprehended in the assignments of error which are as follows:

"Assignments of Errors.

1. The overruling of the motion of March 27, 1943, to quash the Information.
2. The overruling of the motion of April 24, 1943, to quash the Information.
3. The rejection of the plea in abatement.
4. The overruling of the plea of the statute of limitations.
5. The overruling of the demurrer.
6. That there had been no illegal transportation of whiskey.
7. Rejection of certain evidence on behalf of the defendant.
8. That the Commonwealth could not confiscate the said automobile; to do so would be in contravention of U. S. Price Control regulations."

The Alcoholic Beverage Control Act, sections 38 and 38a, provide for the confiscation of contraband articles and the proceedings connected therewith when alcoholic beverages are illegally transported. The appropriate portion of paragraph 38a(d) of the Act is as follows:

"The owner of and all persons in any manner then indebted or liable for the purchase price of said property, and any person having a lien thereon, if they be known to the attorney who files said information, shall be made parties defendant thereto, and shall be served with the notice hereinafter provided for, in the manner provided by law for serving a notice, at least ten days before the day therein specified for the hearing on said information, if they be residents of this State, and if they be unknown or non-residents, or cannot with reasonable diligence be found in this State, they shall be deemed sufficiently served by publication of said notice once a week for two successive weeks, in some newspaper published in such county or city, or if none be published therein, then in some newspaper having

general circulation therein and shall send a notice by regis-
tered mail of such seizure to the last known address of the
owner of such conveyance or vehicle."

The first two assignments of error are based on alleged
irregularities as to the information. Some of them are as
follows: 1. That no search warrant was issued as required
by law. 2. That there was no personal service on the
defendant ten days before the date that the information
prayed the notice should be made returnable. 3. That the
order of publication was published less than two weeks prior
to the return day thereof. 4. That there was no affidavit
upon which the order of publication was based. 5. That
there was no registered letter mailed to the owner, etc.
6. That the attorney for the Commonwealth knew the name
of the owner and his address but made no effort to serve him
with process of any sort. 7. That there was no service in
contemplation of paragraph 38a of section 4675 of the Code.
8. That the time set for the confiscation as set out in the
information and the time set out in the notice of publication
are not the same and therefore there was a fatal variance.

These objections suggest a misapprehension of the
plaintiff in error as to the meaning of the statute which
runs through his entire defense and much beclouds it. In
the first place he fails to grasp the important fact that this
is a proceeding *in rem* rather than *in personam*. He does
not realize that it is a civil action against an automobile and
not a criminal action against a person. The objection that
no proper search warrant was issued was abandoned.

Personal service of the notice is not necessary to the
validity of a proceeding *in rem*. *Landers* v. *Commonwealth*,
126 Va. 780, 101 S. E. 778.

There were two publications in the case which ap-
peared in the Norfolk Ledger-Dispatch, one on March 25,
1943, and one on April 1, 1943. The return day of the
latter was on April 24, 1943, and certainly then, the two
weeks requirement was met.

█ No affidavit is required by the statute as a basis for the publication. The publication in this proceeding is entirely different from the order of publication which is required under section 6069 of the Code of Virginia.

█ As to the objection that there was no registered letter sent to the last known address of the owner of the said automobile it is sufficient to say that the Commonwealth attorney had no means of knowing, and did not know who was the owner of the vehicle nor the last known address of such owner. He exhausted the means at his hands for the acquisition of such knowledge. The automobile was not titled in Virginia, therefore he could not obtain it from the Director of Motor Vehicles in Virginia. The motor vehicle department of New York advised him that the plaintiff in error was the owner so far as its records showed. This would hardly have justified the affirmance on his part of such ownership and certainly it did not supply the information as to the last known address of the plaintiff in error.

█ █ As to the contention embraced in the eighth objection herein listed, it seems sufficient to say that the statute (second paragraph section 38-a, subsection (d)) does not contemplate that the information shall designate the day or time when the persons cited therein shall appear. The information is the work of the attorney for the Commonwealth. The time for the hearing is fixed by the notice, which is the process.

We feel, however, that it is needless to give serious attention to objections of this character when we note that the plaintiff in error was present during the proceeding and had actual knowledge of all that transpired and no notice, whether by personal service, publication, or registered letter, could afford him more definite knowledge than that of which he was possessed. But he urges that his appearance before the court was special, made for a special purpose, and that therefore he was not affected by what was done in the proceedings.

█ Again we say that he is oblivious of the fact that the office of a special appearance is limited to the right to object

to the jurisdiction of the court over the *person* and that such jurisdiction is not in issue here, the action being *in rem*.

In Corpus Juris Secundum, volume 6, page 13, section 7, is this: "Where there is no statute to the contrary the right of a party to appear specifically to object to the jurisdiction of the court over his person, and have that question determined *in limine*, is generally recognized; but this right is not a substantial one inherently existing, and as is pointed out in section 22, *infra*, it can be, and has been, taken away by statute in a number of states."

What we have said disposes of assignments 3, 4 and 5. Assignment 6 is the statement that there had been no illegal transportation of whiskey. With what degree of seriousness this contention is made we do not know but it is in the face of the fact that there were 53 pints of whiskey found in the automobile, which of course is far in excess of the quantity which may be legally transported without a permit in Virginia. It is quite beside the point to say that it was for his own personal use and that he was just passing through Virginia and had adopted the most direct route between his terminals. The law does not recognize such circumstances as justifying its violation. His offers of sale emphasize his culpability.

The seventh assignment brings under review the ruling of the court in rejecting the testimony of the plaintiff in error as to the law of the State of Florida in a case of possession or bringing into that State intoxicating beverages. The court very properly refused to admit such testimony. Here the law of another State could not be interposed as a defense to one's illegal conduct in this State.

The eighth assignment challenges the right of a State to confiscate the automobile in question because, forsooth, it would be in contravention of the United States Price Control regulations. To state this objection is to refute it. If it were sustained, then this State would be powerless to deal with such a situation as is here presented. The State could not successfully cope with illegal traffic within its borders. Such a situation in favor of crime is

unthinkable and it is vain for a perpetrator to undertake to barricade himself behind a U. S. regulation. The court was plainly right and its judgment is

*Affirmed.*