## Richmond

COMMONWEALTH OF VIRGINIA V. ONE 1970, 2 DR. H. T. LINCOLN AUTOMOBILE, IDENTIFICATION NUMBER OY89A826833, RICHARD MICHAEL LINDENSTRUTH, OWNER.

January 17, 1972.

Record No. 7699.

Present, All the Justices.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for plaintiff in error.

*E. Gerald Tremblay (Tremblay & Smith,* on brief), for defendants in error.

HARRISON, J., delivered the opinion of the court.

Richard Michael Lindenstruth owned a 1970 Mark III Lincoln automobile registered in Maryland and valued at $8,700. He was convicted of two speeding violations within a year and his license to operate a motor vehicle on the highways of Virginia was revoked. On April 22, 1970, while his permit was revoked, Lindenstruth was

operating his car in Virginia and was stopped by a state trooper because his Maryland license tags had expired. The trooper ascertained that Lindenstruth was driving without a permit and charged him accordingly under Code § 46.1-350. He was convicted of this offense, fined $100, sentenced to 10 days in jail (7 of which were suspended), and his driving permit was revoked for a further period of 60 days.

On May 4, 1970 the Lincoln automobile was seized and impounded under Code § 46.1-351.1. A forfeiture proceeding against this vehicle was instituted in accordance with Code § 46.1-351.2. An information was filed and Lindenstruth, the owner, was ordered to show cause why his vehicle should not be forfeited. Following a hearing the lower court denied a forfeiture. It dismissed the show cause order upon the ground that such forfeiture was violative of Sections 9 and 11 of the Constitution of Virginia and the Eighth and Fourteenth Amendments to the Constitution of the United States and directed that the automobile be returned to its owner. We granted the Commonwealth a writ of error.

Counsel for appellee states that the issue involved here is: "[W]hether a statute requiring forfeiture of an $8,700.00 automobile in addition to other very serious penalties constitutes an excessive punishment, is a deprivation of the equal protection of the laws, and is an arbitrary and capricious penalty in relation to the offense of driving while the operator's permit was revoked."

It is not denied that the Commonwealth complied with all the provisions of Code § 46.1-351.2; that Lindenstruth had been twice convicted for speeding; that his driver's license had been revoked; and that within the revocation period he operated his Lincoln automobile and was convicted therefor under Code § 46.1-350.

In *McNelis* v. *Commonwealth*, 171 Va. 471, 475, 198 S. E. 493, 495 (1938), it was said: "It is unquestioned that the legislature has the power to provide for the forfeiture of property used in the violation of a penal statute." And again in *Quidley* v. *Commonwealth*, 190 Va. 1029, 1040, 59 S. E. 2d 52, 57 (1950): "It is settled that the legislature has ample power to provide for the forfeiture of property employed in defiance of the laws of the State . . . ."

The proceeding to forfeit property is against the property and not against the owner of the property or any other person. It is not a criminal proceeding. It is a civil case. *Ives* v. *Commonwealth*, 182 Va. 17, 27 S. E. 2d 906 (1943); *Wray* v. *Commonwealth*, 191 Va. 738, 62 S. E. 2d 889 (1951).

*Various Items of Personal Property, et al.* v. *United States,* 282 U. S. 577 (1931) was a proceeding to forfeit a distillery, warehouse and denaturing plant on the ground that its owner had conducted its business with intent to defraud, and had defrauded the government. In consequence the premises had been forfeited to the government pursuant to a proceeding under R. S. 5257 and 3281. In his opinion, affirming the forfeiture, Mr. Justice Sutherland said for a unanimous court:

"A forfeiture proceeding under R. S. 3257 or 3281 is *in rem.* It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense." 282 U. S. 581.

■ Section 9 of the Constitution of Virginia and Amendment Eight to the Constitution of the United States are prohibitions against the imposition of excessive bail or fines or infliction of unusual punishment. The forfeiture of offending property does not fall within any of these categories.

Code § 46.1-351.2 provides a proceeding to forfeit personal property. The proceeding here is against the Lincoln automobile and not against its owner or any other person. As the courts have repeatedly held, such a proceeding is not criminal, it is civil.

We find nothing in the forfeiture proceeding required under Code § 46.1-351.2 that violates the "due process" or "equal protection" clauses of Section 11 of the Constitution of Virginia or the Fourteenth Amendment to the Constitution of the United States. The appellee argues that to require a forfeiture of the automobile, a fine and a jail sentence for the same offense is an excessive, arbitrary and unreasonable penalty. The answer to this contention is that the forfeiture of the automobile is not a part of Lindenstruth's punishment for his violation of the criminal statute of operating his car after his driver's license had been revoked. Lindenstruth was convicted and punished for that violation. We are dealing here with the automobile, the *res* he was using and employing "in defiance of the laws of the state".

The forfeiture statute, § 46.1-351.2, provides that the owner of a motor vehicle being operated by a person whose license has been

revoked shall suffer the loss of the vehicle. The owner and the operator may or may not be one and the same person. The statute contains ample provisions protecting an innocent owner or an innocent lienor.

We do not agree that because appellee's automobile was an expensive one its forfeiture constitutes an excessive, arbitrary and unreasonable penalty, whereas the forfeiture of a less valuable vehicle would not be a violation of the Constitution. If so the statute would be unconstitutional and unenforceable as to the rich who own and operate expensive vehicles, but constitutional and enforceable as to the poor who own and operate less valuable vehicles. Neither this nor any other court would adopt such a theory. It would most certainly violate the equal protection clause of the Constitution.

Neither do we agree with appellee that the statute under review is assailable because "the judge is not given any discretion to fix the penalty to reasonably punish the offense committed". We are not dealing here with a penalty, or punishment, or a criminal offense. We are reviewing a civil proceeding, a statute which provides for the forfeiture of an automobile without regard to its value. It is the offending vehicle that is required to be forfeited under stated conditions. The statute is applied uniformly in that it requires the forfeiture of all offending vehicles regardless of value. A cheap automobile is as valuable and necessary to a poor man as an expensive automobile is to a rich man. The law applies fairly and equitably to both. In neither case is it punishment of an individual. It is the automobile itself, the instrumentality, which is proceeded against and condemned.

Appellee's argument that the forfeiture statute under review is a harsh one can be made as to numerous other forfeiture statutes enacted by the General Assembly of Virginia and the Congress of the United States. It is an argument more properly addressed to legislative bodies than to courts. Our responsibility is to measure the statute by the Constitution of Virginia and the Constitution of the United States and doing so we find it valid and constitutional.

The decisions cited by counsel for appellee in his brief and in oral argument are not applicable here. Appellee relies principally on *Stierle* v. *Rohmeyer*, 218 Wis. 149, 260 N. W. 647 (1935). Involved there were mortgages on real estate and personal property to secure a debt of $5,500. The mortgagee, without securing the consent of the owner or complying with the Wisconsin statute, seized and sold a portion of the personal property for $122. The statute provided

that for violation of any provision thereof the debt secured by a mortgage "shall be deemed fully satisfied and further permitted the owner to recover damages for the unlawful sale and a penalty". At the time of the sale the amount due on the principal of the mortgage was $4,500 plus a large accumulation of interest. The court held the penalizing provisions of the statute not to be a valid exercise of police power and unconstitutional. In its opinion is found the following language:

> "It is urged that the penalty here involved should be sustained for the reason that property used in violating criminal statutes may be confiscated by the state, as nets may be confiscated that are being used in violation of the fish and game laws, or automobiles may be confiscated that are being used in violating the revenue laws or might be that were used in violation of the statutes passed under the Eighteenth Amendment. But here the mortgage and notes that the statutes declare satisfied and canceled were not being used in violation of law, nor were they in any way connected with it. Loaning money and taking a mortgage to secure the loan are lawful.
>
> " 'Confiscation is either an act of penal justice for the punishment of great crimes against the State (Bl. Comm. 299), or the exercise of a belligerent right against the property of public enemies (Kent, Comm. 61-66); not the arbitrary seizure of the property of one person, whether citizen or stranger, for the benefit of another person.' [Citing cases.]" 218 Wis. 164-65, 260 N. W. 654.

The *Stierle* case can be readily distinguished from the instant case. The forfeiture laws of Virginia are founded on the use of property in violation of the criminal statutes of the state, and the proceeds derived from a forfeiture are recovered by and for the benefit of the Commonwealth, and not for the benefit or use of another.

We have found no decision vitiating a forfeiture statute whose target is property used and employed in defiance of the laws of a state.

The judgment of the lower court is reversed and the proceeding is reinstated on the docket of the court below for the entry of an order directing that the seized Lincoln automobile be condemned and sold and the proceeds distributed according to law.

*Reversed and remanded.*