21608

The STATE, Respondent, v. Frank TOOMER, Appellant.

(284 S. E. (2d) 783)

*Darrell Thomas Johnson, Jr.,* Hardeeville, and *John J. Mc-Kay, Jr., of McKay & Mullen,* Hilton Head Island, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Tommy B. Edwards* and *Lindy P. Funkhouser,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

November 30, 1981.

LITTLEJOHN, Justice:

Defendant Frank Toomer was convicted by a jury in magistrate's court for illegal trawling activities in violation of § 50-17-1615, Code of Laws of South Carolina (Cum. Supp. 1980). Pursuant to that statute, the magistrate sentenced him to 30 days imprisonment or a $100.00 fine; additionally, Toomer posted a $2,000.00 bond in lieu of forfeiting his boat to the South Carolina Marine Resources Division.

Following an unsuccessful appeal to the circuit court, Toomer now appeals his conviction to this Court. We affirm.

While flying air surveillance on September 20, 1979, the South Carolina Wildlife Marine Resources Department sighted a boat apparently trawling for shrimp in illegal shrimp trawling waters in Beaufort County. Upon closer observation, the Wildlife officers identified Frank Toomer on board. The boat appeared to be under some strain as it churned water at a slow pace. The officers then radioed the boat, at which time the churning ceased, someone threw a small green net overboard and the boat departed. A Wildlife Department boat, along with the boat carrying Toomer and also a third boat present and owned by Toomer, returned to the scene. The small green net was retrieved; additionally, a large, uniquely contrived "trawling" net was recovered from under water.

Toomer was arrested for trawling in an area never open to shrimp trawling. We dismiss as meritless his contention that

there was insufficient evidence of any trawling activity. The above-cited facts alone created a jury issue.

We likewise dismuss under Rule 23 Toomer's argument that the magistrate erred in failing to charge the law of circumstantial evidence. No such request was made by Toomer, nor did he object after the charge on this ground.

Toomer argues that he could not be charged under § 50-17-1615 since he was not the registered captain of the boat. Admittedly, § 50-17-1615 speaks only in terms of illegal activities by "the captain" of the boat[1]; moreover, the boat's registered captain (Toomer's son-in-law) was apparently on board when the violation occurred. Nonetheless, we think Toomer, the owner, was correctly charged under the facts of this case.

The captain of a boat is the person who controls its activities and assumes responsibility for its command. 70 Am. Jur. (2d), *Shipping,* §§ 160, 163. Generally, that person will be the boat's "registered captain," whose name is supplied by the boat's owner upon application for a shrimp, fish or crab trawling license under § 50-17-410; Code of Laws of South Carolina (1976).

At the time of securing such licenses for any such boat the owner thereof shall file with the Division of Marine Resources a sworn statement giving the name and address of the master or captain of the boat. If such licensed trawler is found violating any fisheries law of this State, it shall be presumed in all criminal and civil proceedings that the registered master or captain was in fact upon the boat and such presumption

---

[1] Penalties for trawling for shrimp in violation of law; suspension of license; seizure and sale of property.

The captain of any boat found trawling for shrimp at any time in violation of §§ 50-17-1530; 50-17-1600 or 50-17-1610 shall be deemed guilty of a misdemeanor and upon conviction for a first and subsequent offense shall be fined one hundred dollars or be imprisoned for thirty days and his license shall be suspended for a period of one year from the date of conviction. Any license issued to him during the period of suspension shall be invalid. Any person whose captain's license has been suspended who is found operating any boat trawling for shrimp during the period for which his license has been suspended shall be deemed guilty of a misdemeanor and upon conviction shall be fined one thousand dollars or be imprisoned for ninety days.

shall be prima facie evidence of the presence of the master or captain upon the boat and that he was operating it at the time of the violation charged.

But, § 50-17-410 does not *conclusively* presume the "registered captain" to be the captain in fact, i.e. the person actually directing the boat's command. Its purpose, we think, is to aid prosecution by the State in those situations where it cannot actually identify the person commanding the boat when the violation occurs, e.g. where numerous persons are aboard or where close access to the boat is prevented. Where actual identification of the captain is made, the presumption under § 50-17-410 is not needed. Interestingly, § 50-17-1615 refers to "the captain," not the "registered captain," adding support to the contention that prosecution is properly directed against the captain-in-fact, who may or may not be the registered captain. Our interpretation is in keeping with the view that laws tending to conserve fish and game, while strictly construed in favor of the accused, must be interpreted as most reasonable and best suited to accomplish its purpose. 35 Am. Jur. (2d), *Fish and Game*, §§ 29, 52.

Here, Toomer was actually identified as the person in command. The only other persons aboard were Toomer's son-in-law and a young male employee on his first trip with the boat. Toomer himself testified that the small green net was thrown in the water as a joke on the Wildlife Department, thus enforcing his control and direction over the boat's activities.

■ In addition to the criminal charges imposed against the captain under § 50-17-1615, further provision is made for forfeiture of the owner's boat and equipment involved.

. In addition to any other penalty, the use of a boat for shrimp trawling in any area which is never open to shrimp trawling . . . shall for a first offense be deemed a misdemeanor and the boat, including its rigging, equipment and catch shall be seized by the Marine Resources Division . . . Upon conviction, the boat, equipment and rigging held shall be sold at public sale. . . . *Provided*, however, in the event of a seizure, . . . if the property is of equal or less value than

twenty-four thousand dollars, the owner may redeem it at any time before the public sale by paying two thousand dollars. . . .

Toomer contends the forfeiture exceeds the magistrate's jurisdiction since a minimum $2,000 redemption is involved. Toomer's argument is misplaced.

The magistrate herein was concerned solely with criminal charges for which he could impose a sentence of thirty-days imprisonment or $100 fine. This sentence was clearly within his criminal jurisdictional limits as provided under § 22-3-540 and § 22-3-550. Forfeiture was not an issue before the magistrate and was not available to him as part of the sentence he could impose. The forfeiture in this case is an automatic legislative sanction against the property involved. It is generally considered an *in rem* proceeding against the property itself, see *State v. Petty*, 270 S. C. 206, 241 S. E. (2d) 561 (1968), and is imposed to prevent continued employment of that property in defiance of state law. Here, the legislature has authorized the Marine Resources Division to enforce the forfeiture provision. The forfeiture constitutes no part of the punishment fixed by the magistrate. See *Parker v. State Highway Department*, 224 S. C. 263, 78 S. E. (2d) 382 (1953) (suspension of driver's license); *Commonwealth v. One 1970, 2 Dr. H. T. Lincoln Auto, Etc.*, 212 Va. 597, 186 S. E. (2d) 279, (1972) (forfeiture of automobile). A claim of forfeiture under § 50-17-1615 is separate from the action involved in this case and would be properly maintained in the circuit court were an action needed.

Having decided each of the issues adverse to Toomer, his conviction is hereby

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.