# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

Lewis G. Thomas, Jr.

September 11, 1997

Case No. CR97-111

BY JUDGE WILLIAM H. LEDBETTER, JR.

The outcome of this forfeiture proceeding depends upon the applicability of the Fourth Amendment exclusionary rule.

*Facts*

On February 11, 1997, a sheriff's deputy responded to a call from Deerfield Subdivision in which the caller claimed to have knowledge of a drug transaction. Cruising the neighborhood, the officer saw a car that appeared to be idling in front of an unlighted house. As the officer approached, the car moved away, violating no traffic laws, as if to leave the subdivision. Although the car did not match the description provided by the call, the officer's suspicions were aroused, and he stopped the car. He found the driver to be the defendant, Lewis G. Thomas, Jr. A passenger was also in the car. A search of the vehicle resulted in the discovery of a quantity of cocaine and marijuana, drug paraphernalia, a notebook with a list of names, and $1,635.00 in cash.

Thomas was charged with possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. (## CR97-349 and CR97-350.) At a suppression hearing on July 15, 1997, the court held that the vehicular stop violated Thomas' rights under the Fourth Amendment and suppressed the evidence seized from the car. Because the Commonwealth conceded that it could not prove the charges without that evidence, the criminal charges were dismissed.

The Commonwealth also filed an information for the forfeiture of the cash found in the car. A hearing was held on September 8, 1997. As a threshold

issue, Thomas asserted that nothing seized from the car could be used against him in this proceeding because of the Fourth Amendment exclusionary rule. The Commonwealth argued that the exclusionary rule does not apply to this proceeding. After hearing the evidence, the court took the case under advisement to consider the merits of Thomas' Fourth Amendment argument.

(The Commonwealth agrees that if the Fourth Amendment exclusionary rule applies to forfeiture proceedings, it is bound by the court's ruling in the companion criminal cases.)

### Decision

In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693 (1965), the United States Supreme Court held that the Fourth Amendment exclusionary rule applies to state forfeiture proceedings. In that case, officers seized an automobile carrying 31 cases of illegal liquor. The seizure was founded upon evidence obtained without probable cause. The Court noted that *Boyd v. United States*, 116 U.S. 616 (1886), a leading case in the development of the law of search and seizure, was itself a forfeiture proceeding. The question before the Court in *Boyd* was whether the compulsory production of a person's private papers for the evidentiary use against him in a forfeiture proceeding constituted an unreasonable search and seizure within the meaning of the Fourth Amendment. The Court held that the Fourth Amendment applied. The Court declared:

> We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal ... . As, therefore, suits for penalties and forfeitures incurred by the commission of offenses against the law are of this quasi-criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the Fourth Amendment ... .

*Plymouth Sedan* quoted this passage from *Boyd* with approval and adopted the reasoning of that earlier decision.

In *One 1963 Chevrolet v. Commonwealth*, 208 Va. 506 (1968), a forfeiture case, the Supreme Court of Virginia observed that "the rule excluding evidence obtained by a search and seizure unlawful under the Fourth Amendment ... is now applicable to state forfeiture proceedings," citing *Plymouth Sedan*. The Court held that the forfeiture was proper, however,

because the search and seizure in that case did not violate the Fourth Amendment.

The Commonwealth cites *County of Henrico v. Ehlers*, 237 Va. 594 (1989). There, the Court stated: "According to the Supreme Court, the exclusionary rule has never been applied in a civil proceeding, state or federal." But *Ehlers* was not a forfeiture proceeding. It was a civil action to determine ownership of a large quantity of cash left unclaimed on a train. The Court held that the Fourth Amendment was not implicated and, in any event, the Fourth Amendment exclusionary rule "should not be extended from criminal cases to civil cases."

Perhaps the basis for the Court's statement in *Ehlers* that "the exclusionary rule has never been applied in a civil proceeding . . ." is that the United States Supreme Court has characterized forfeiture proceedings as "quasi-criminal." In *Boyd* and *Plymouth Sedan*, that Court held that forfeiture proceedings "are within the reason of criminal proceedings for all the purposes of the Fourth Amendment."

The *Ehlers* court cited *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984), as authority for its above-quoted statement. *Lopez-Mendoza* was a civil deportation proceeding, not a forfeiture proceeding.

Counsel have cited no authority, and the court finds none, for the proposition that *Plymouth Sedan* has been overruled.

Based on the foregoing, the court is of the opinion that the Fourth Amendment exclusionary rule applies to this proceeding. Because the court has already determined that the seizure of the items in Thomas' car was the result of an unlawful vehicular stop, this proceeding must be dismissed. The subject of the forfeiture proceeding is cash, not contraband; therefore, it must be returned to Thomas, the person from whom it was seized.