# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Perry Wilfred Turner
and $722 in U.S. Currency

June 30, 2000

Case No. 99-96

BY JUDGE EDWARD L. HOGSHIRE

This forfeiture action arises out of a criminal prosecution for possession of cocaine with intent to distribute, *Commonwealth of Virginia v. Perry Wilfred Turner*, Charlottesville Circuit Court, Felony No. 99-276 (2000). Defendant has filed a motion for summary judgment. The disposition of this motion depends on the applicability of the Fourth Amendment's exclusionary rule. After reviewing Defendant's motion and the Commonwealth's brief in response, the Court concludes that Defendant's motion should be granted for the reasons articulated below.

During the criminal prosecution, this Court determined that the $722.00 and alleged cocaine confiscated from Defendant during his arrest were obtained in violation of the Fourth Amendment. Consequently, this Court granted Defendant's motion to suppress this evidence and entered a *nolle prosequi* on the Commonwealth's motion. Pursuant to Va. Code § 19.2-60, upon granting a motion to suppress, the property shall be returned unless otherwise subject to lawful detention and shall not be admissible in any hearing or trial.

In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S. Ct. 1246 (1965), the U.S. Supreme Court held that the Fourth Amendment's exclusionary rule applies to state forfeiture proceedings. The *1958 Plymouth* court quoted the *Boyd v. United States*, 116 U.S. 616, 6 S. Ct. 524 (1886), decision to explain the rationale of extending the exclusionary rule to forfeiture proceedings:

We are also clearly of the opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reasons of offenses committed by him, though they may be civil in form, are in their nature criminal . . . as, therefore, suits for penalties and forfeitures incurred by the commission of offenses against the law are of this quasi-criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the Fourth Amendment of the Constitution.

*Boyd*, at 633-34, 6 S. Ct. at 534, *quoted in 1958 Plymouth* at 697-98, 85 S. Ct. at 1249. Although no Virginia appellate court has ruled on the issue, the Supreme Court of Virginia has cited *1958 Plymouth* to acknowledge, in dicta, the application of the exclusionary rule to "quasi-criminal" forfeiture proceedings based on violations of criminal law. *See Commonwealth of Virginia, Dept. of Labor and Industry v. E. A. Clore Sons, Inc.*, 222 Va. 543, 548, n. 5 (1981).

The Commonwealth cites *Jenkins v. Commonwealth*, 13 Va. App. 420 (1991); *Commonwealth v. Lincoln Automobile*, 212 Va. 597 (1972); and *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135 (1996), to establish that the Virginia forfeiture statute is not punitive, but remedial. These three decisions held that civil forfeitures do not constitute punishment for an offense and, therefore, are not criminal proceedings. *See Lincoln Automobile*, 212 Va. at 599-60, *quoted in Jenkins*, 13 Va. App. at 422; *Ursery*, 518 U.S. at 274, 116 S. Ct. at 2140-41. However, these three cases involved forfeitures following an initial, *legally* conducted seizure. These cases did not reach the issue this Court must presently decide. In *Lincoln Automobile*, the Virginia Supreme Court found that forfeiture was not "punishment" for the purposes of an Eighth and Fourteenth Amendment challenge. 212 Va. at 599. In *Jenkins*, the Virginia Court of Appeals cited *Lincoln Automobile*, holding, in dicta, that in the context of Defendant's challenge that there was not a sufficient nexus between the money in question and the criminal activity for which he was convicted, forfeiture was a civil action, not constituting "punishment." 13 Va. App. at 422. In *Ursery*, the U.S. Supreme Court held that *in rem* civil forfeitures were neither "punishment" nor criminal for the purposes of the Double Jeopardy Clause of the Fifth Amendment. *See Ursery*, at 270-71, 116 S. Ct. at 2138. Indeed, neither the U.S. Supreme Court nor the Virginia courts have overruled, limited, nor even addressed the *1958 Plymouth* holding that state governments may not "seize evidence in violation of the Fourth Amendment for use in a forfeiture proceeding." 380 U.S. at 698, 85 S. Ct. at 1249.

The Commonwealth argues that the facts of *1958 Plymouth* can be distinguished from the facts of this case because the Pennsylvania forfeiture

statute in that case was directed towards "any . . . vehicle . . . used in the illegal transportation of liquor, alcohol, or malt. . . ." 380 U.S. at 694, 85 S. Ct. at 1247, n. 2. The Commonwealth emphasizes that the Virginia drug-related forfeiture statute has two different bases for forfeiture of drug-related items: (1) property "used in substantial connection with" illegal drug sales (i.e. "instrumentalities"), § 18.2-249(A)(i); and (2) proceeds of such illegal drug transactions or property traceable to such proceeds (i.e., "fruits"), §18.2-249(A)(ii) and (iii). The Commonwealth notes that this is a case of the latter, "fruits," while *1958 Plymouth* was a case addressing the forfeiture of the former, "instrumentalities." The Court finds that this distinction is inapposite. Section 18.2-249(B) provides that "[a]ll seizures and forfeitures under this section shall be governed by the procedures contained in Chapter 22.1 (§§ 19.2-386.1 et seq.) of Title 19.2." Thus, under § 19.2-386.12, the Code considers the seizure of both the "fruits" and "instrumentalities" of illegal drug transactions to be subject to the same procedure for sale and compensation should the forfeiture proceeding be terminated in favor of one party. Both the money seized in this case and a car, like the one seized in the *1958 Plymouth* case, would be treated in the same manner under the Virginia Code for procedural purposes, such as the termination of the forfeiture in this case.

In light of the absence of any Virginia decision addressing the specific issue of this case, the Court is bound by the U.S. Supreme Court's directive in *1958 Plymouth*. This Court's finding accords with the recent holding of the Spotsylvania Circuit Court in a case with facts mirroring this one. *See Commonwealth v. Thomas*, 43 Va. Cir. 335 (1997). In *Thomas*, the Court dismissed the charges of possession of narcotics with intent to distribute after the evidence was suppressed following a finding that it was obtained in violation of the Defendant's Fourth Amendment rights. 43 Va. Cir. at 335. Similarly, the Commonwealth argued that the exclusionary rule could not apply to the forfeiture proceeding. *See Thomas*, 43 Va. Cir. at 336. The Spotsylvania Court relied on *1958 Plymouth* to find that the Fourth Amendment exclusionary rule applied to the cash at issue in the forfeiture proceeding and should be returned to the Defendant. *See id.* at 336-37.

In adherence to *1958 Plymouth*, the Court concludes that the exclusionary rule of the Fourth Amendment applies to the suppressed evidence of the criminal action in the quasi-criminal forfeiture action. The Commonwealth is collaterally estopped from relitigating the issue of whether such evidence was illegally seized. The Court thus grants Defendant's summary judgment motion. Pursuant to Va. Code § 19.2-386.12(B), Defendant is entitled to the attorney's fees in the amount of $1,650.00 and costs as itemized in Mr. Lamson's March 3, 2000, statement of such.