### STATE v. PRATER.

1. An appeal from the sentence (which is the judgment) in a criminal case, does not operate as a *supersedeas* of the judgment, but only as a stay of its execution. When the judgment appealed from is affirmed, and the *remittitur* is filed in the Circuit Court, it then becomes the duty of that court to assign a new day for the execution, if meantime the day originally fixed for the execution has passed.

2. It may be necessary for the Circuit Court to adopt as its own a judgment as modified by the Supreme Court, but where the judgment of the Circuit Court is affirmed on appeal, such judgment stands as of its original entry without further order on Circuit.

Before FRASER, J., Orangeburg, May, 1887.

The opinion states the case.

*Messrs. M. I. Browning* and *T. M. Raysor*, for appellant.

*Messrs. Jervey*, solicitor, and *Izlar & Glaze*, contra.

January 4, 1888.    The opinion of the court was delivered by MR. JUSTICE McIVER.    During the May term of the Court of Sessions for Orangeburg Courty in the year 1886, the appellant was convicted of murder and sentenced to be hanged on July 2, 1886.    From this judgment an appeal was taken to the Supreme Court and on February 28, 1887, this court rendered its decision as follows: "The judgment of this court is, that the judgment of the Circuit Court be affirmed"; and in accordance

therewith the *remittitur* was duly sent down and filed in the Circuit Court. At the May term of the Court of Sessions for Orangeburg County in the year 1887, the prisoner was put to the bar, and after reciting the previous proceedings, in the usual form, execution of the sentence previously imposed was awarded and the same was directed to be carried into effect on June 3, 1887. The defendant appeals upon the following grounds: "1. Because there was no authority of law for the said sentence and award of execution. 2. Because there was nothing in the judgment of, or in the *remittitur* from, the Supreme Court to the Circuit Court directing or authorizing said sentence or award of execution."

As we gather from the argument here the real point intended to be made by these grounds of appeal is, that the appeal operated as a *supersedeas* of the judgment originally rendered by the Circuit Court, and that until the judgment of the Supreme Court had been made the judgment of the Circuit Court, by an order for that purpose, there was no judgment of which the Circuit Court could award execution. This proposition rests upon the unfounded assumption that the former appeal operated as a *supersedeas* of *the judgment* originally rendered. Our act to regulate appeals in criminal cases (18 *Stat.*, 737), does not provide that an appeal shall operate as a *supersedeas* of the judgment appealed from; but, on the contrary, expressly provides that a notice of appeal in such cases "shall operate as a stay of the execution of the sentence until the appeal is finally disposed of." This necessarily implies that the appeal, of itself, has no effect whatever upon *the judgment*, but simply operates "as a stay of *the execution* of the sentence," which is the judgment in a criminal case. *State* v. *McKettrick*, 13 *S. C.*, 439. Hence until it is reversed by the tribunal to which the appeal is taken, it stands unaffected by such appeal, except that it cannot be enforced by execution "until the appeal is finally disposed of."

But when the appeal is disposed of, and it has been ascertained, by the judgment of the tribunal invested with jurisdiction for that purpose, that there is no error of law in the judgment appealed from, there is then no longer any obstacle to its enforcement—no longer any stay of its execution—and it then becomes not only the right, but the duty, of the tribunal which originally

rendered such judgment to provide for its due execution. When a judgment of the Circuit Court is simply affirmed by the judgment of the Supreme Court, that does not make the judgment so affirmed a judgment of the Supreme Court, and hence, in such a case, we see no necessity for making the judgment of the Supreme Court the judgment of the Circuit Court.

As was said in *Adger & Co.* v. *Pringle*, 13 *S. C.*, 33: "It is contended that there should have been an order making the judgment of the Supreme Court the judgment of the Circuit Court, and that, until such order was made, the Circuit Court had no jurisdiction to proceed with the case. If the judgment of the Circuit Court had been varied or modified, there would be ground for an order making the judgment of the Supreme Court that of the Circuit Court, but such was not the case. No authority has been shown as rendering it necessary that an affirmed judgment should be supported by such an order, and there is no reason for such a conclusion." We can very well understand that, in a case where the Supreme Court modifies or alters the judgment appealed from, an order may be necessary to make said modified judgment the judgment of the Circuit Court before that court, confined as it is to the enforcement of its own judgments, could proceed to enforce such modified judgment; but where the Supreme Court simply affirms the judgment of the Circuit Court, thereby declaring that it is a valid judgment of that court, and free from any error, we are unable to see any reason why, in such a case, the judgment of the Supreme Court should be made the judgment of the Circuit Court by a formal order to that effect.

The *remittitur* sent down from this court officially informed the Circuit Judge that the judgment of the Circuit Court which had been appealed from was a valid judgment, free from any error of law, and that the appeal therefrom had been finally disposed of. This removed the stay of execution provided for by the statute, and it then became the duty of the Circuit Judge to assign a new day for the execution of the judgment previously pronounced.

The judgment of this court is, that the order of the Circuit Court assigning a new day for the execution of the sentence previously imposed upon the appellant be affirmed; but inasmuch

as the day thus assigned has passed pending this appeal, the case is remanded to the Circuit Court for the purpose of having another day assigned for the execution of the sentence previously imposed upon the appellant.