[No. 27301. Department One. November 9, 1938.]

L. H. GOULTER, *Appellant,* v. HARRY C. HUSE, *as the State Director of Licenses, Respondent.*[1]

*Fred M. Bond,* for appellant.

*The Attorney General* and *John E. Belcher, Assistant,* for respondent.

MAIN, J.—L. H. Goulter brought this action to require the state director of licenses to restore to him

[1]Reported in 84 P. (2d) 126.

a motor vehicle operator's license which that officer had suspended for one year. The trial in the superior court resulted in a judgment denying the relief asked for and dismissing the action. From this judgment, Goulter appealed.

June 1, 1938, the appellant was convicted in a justice court in Pacific county for having previously driven an automobile upon a public highway while under the influence of intoxicating liquor, and from the judgment of conviction and sentence he appealed to the superior court of that county. Thereafter, the director of licenses suspended his operator's license for a period of one year. The present action was brought in Thurston county for the purpose of requiring the state director of licenses to vacate the suspension and restore the license.

The question is, as stated in the appellant's brief, whether the director had authority to suspend the operator's license after there had been an appeal from the judgment of conviction to the superior court.

Rem. Rev. Stat., Vol. 7A, § 6312-65 [P. C. § 2696-697], provides that every court, in fixing the penalty,

". . . shall forthwith revoke the vehicle operator's license of any person upon the conviction of such person of any of the following crimes: . . .

"6. Operating any vehicle upon the public highways of this state while under the influence of or affected by the use of intoxicating liquor. . . ."

Section 6312-66 [P. C. § 2696-698], provides that the director of licenses

". . . may in his sound discretion immediately suspend the vehicle operator's license of any person whenever the director of licenses has reason to belive:

"1. That such person has committed any offense for which mandatory suspension or revocation of licenses is provided by law; . . ."

Section 6312-67 [P. C. § 2696-699] provides that every court

". . . having jurisdiction over any of the offenses committed under this act or any other act of this state regulating the operation of vehicles on any of the public highways, shall forward to the director of licenses a record of the conviction. . . ."

It will be observed that driving an automobile upon a public highway while under the influence of intoxicating liquor is an offense for which it is provided that the court shall revoke the operator's license, and the following section provides that the director, in his sound discretion, may suspend the vehicle operator's license whenever he has reason to believe that such person has committed any offense for which mandatory suspension or revocation of license is provided by law. The driving of an automobile upon a public highway while under the influence of intoxicating liquor is such an offense.

The appellant's argument appears to be based upon the hypothesis that, when the appeal was taken 'from the judgment of the justice of the peace to the superior court, that appeal "annulled or wiped out" the judgment of the justice; and, for this reason, the director did not have the authority to revoke the license or suspend it because of the conviction and without having made an independent investigation of his own.

It is necessary, then, to determine what was the effect of the appeal to the superior court. It will be admitted that, when there is an appeal from the justice court to the superior court, the case is there tried *de novo*. When such an appeal is taken, it may result in the superior court dismissing it, and, if such be the result, the accused is subject to punishment under the judgment of conviction pronounced against him by the justice court. *State v. Jones,* 80 Wash. 335, 141 Pac.

700; *State ex rel. Getman v. Webster,* 193 Wash. 265, 75 P. (2d) 124.

From this, it necessarily follows that, in this state, the appeal by the accused neither annuls nor wipes out the judgment of conviction. Such an appeal can only operate, under the holding of the cases cited, as a suspension of the operation of the judgment. Even though there was an appeal, there was a judgment of conviction upon which the director had a right to suspend the vehicle operator's license.

The case of *Fredericks v. Magee,* 14 N. J. Misc. 538, 186 Atl. 444, called to our attention by the appellant, is obviously distinguishable. In that case, the court rendering the judgment vacated and set it aside, and it was there held that, since the judgment had been vacated and set aside by the court rendering it, there was nothing upon which to base the suspension of the motor vehicle operator's license. There is a difference between vacating a judgment by the court rendering it and the suspension of the operation of a judgment by reason of the defendant's appeal.

It is elementary that public roads are laid out and opened for the use, on equal terms, of all persons who comply with the reasonable regulations of the duly constituted authorities. *Commonwealth v. Funk,* 323 Pa. 390, 186 Atl. 65; *People v. Rosenheimer,* 209 N. Y. 115, 102 N. E. 530, Ann. Cas. 1915A, 161, 46 L. R. A. (N. S.) 977; *Watson v. Division of Motor Vehicles,* 212 Cal. 279, 298 Pac. 481; *Hadfield v. Lundin,* 98 Wash. 657, 168 Pac. 516, Ann. Cas. 1918C, 942.

It follows that the director of licenses in this case, under the law, was justified in suspending the license of the appellant.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, BLAKE, and ROBINSON, JJ., concur.