16793

PARKER v. STATE HIGHWAY DEPARTMENT
(78 S. E. (2d) 382)

*Messrs. T. C. Callison, Attorney General, James S. Verner, Assistant Attorney General, and Daniel R. McLeod, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. James P. Mozingo, III, and John L. Nettles,* of Darlington, *for Respondent,*

*Messrs. T. C. Callison, Attorney General, James S. Verner, Assistant Attorney General, and Daniel R. McLeod, Assistant Attorney General,* of Columbia, *for Appellant, in reply*

November 5, 1953.

OXNER, Justice.

We are asked to determine whether during the pendency of an appeal from a conviction and sentence for driving an automobile while under the influence of intoxicating liquor,

the Highway Department is authorized to suspend the license of the person so convicted.

Respondent was arrested on November 25, 1952, for driving a motor vehicle while under the influence of intoxicating liquor. He was tried and convicted in the Recorder's Court for the Town of Darlington on May 19, 1953. A report of his conviction was promptly made to the Highway Department as required by Section 46–347 of the 1952 Code. After receiving this report, the Department, on May 25, 1953, under the authority of Section 46–348, suspended respondent's driver's license for six months. He then appealed to the Court of General Sessions for Darlington County from the conviction and sentence in the Recorder's Court. Notice was also served on the Highway Department that he would move in the Circuit Court on June 13, 1953, for an order staying the suspension of his license pending the outcome of his appeal. The stay order requested was granted by the Circuit Judge on June 30, 1953. The Court concluded that the attempted revocation of respondent's license was premature and could not lawfully be made during the pendency of the appeal from his conviction. The correctness of this conclusion is challenged by the Highway Department.

Under the terms of Section 46–347, all clerks of court, magistrates and city recorders are required to make a report to the Motor Vehicle Division of the Highway Department of every conviction, plea of guilty, or forfeiture of bail for violating any law of this state or the ordinance of any municipality prohibiting a person from operating a motor vehicle while under the influence of intoxicating liquor. Such report must be made within ten days after such conviction, plea of guilty or forfeiture of bail.

Section 46–348 provides that "the Department shall suspend the driver's license of any person who is convicted, receives sentence upon a plea of guilty or forfeits bail posted for the violation" of any law of this State, or the ordinance of any municipality of this State, that prohibits a person

from operating a motor vehicle while under the influence of intoxicating liquor, drugs or narcotics, "for a period of six months for the first conviction, plea of guilty or forfeiture of bail, a period of one year for the second conviction, plea of guilty or forfeiture of bail and a period of two years for the third and each subsequent conviction, plea of guilty or forfeiture of bail."

The Court below held that an appeal from a conviction and sentence for operating a motor vehicle while under the influence of intoxicating liquor acted as a supersedeas, so as to preclude any action by the Highway Department with respect to the suspension of respondent's license until final disposition of the appeal. Appellant concedes that an appeal from a judgment of conviction stays the execution of the sentence, but denies that the suspension of the license constitutes any part of the punishment for such offense, and asserts that it is mandatory upon the Highway Department to revoke the license of any person who has been convicted for driving an automobile while under the influence of intoxicating liquor. It is appellant's view that the word "convicted" as used in Section 46–348 was intended to mean a verdict of guilty and not a final judgment on appeal.

The difficulty in determining the question before us arises from the fact that the word "convicted" has no fixed and inflexible meaning. As applied to criminal offenses, it is used in varied senses. In *Commonwealth v. Lockwood,* 109 Mass. 323, it is said: "The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained." But the word is also often used as including both the ascertainment of the guilt of the

accused and the judgment thereon by the Court. We had occasion to quote several definitions of the word "conviction" in *Smith v. Todd,* 155 S. C. 323, 152 S. E. 506, 50 A. L. R. 1529. Also, see *South Carolina State Board of Dental Examiners v. Breeland,* 208 S. C. 469, 38 S. E. (2d) 644, 167 A. L. R. 221. Various meanings of this word are discussed at length in the following cases: *Snodgrass v. State of Texas,* 67 Tex. Crim. R. 615, 150 S. W. 162, 41 L. R. A., N. S., 1144; *State ex rel. Scott v. Cox,* Mo., 243 S. W. 144; *Quintard v. Knoedler,* 53 Conn. 485, 2 A. 752. Also, see 13 C. J. 905, 18 C. J. S., Conviction, p. 97.

We shall assume that the word "convicted," as used in the statute under consideration, means not only a verdict of guilty but embraces the sentence of the court thereon, and proceed to determine whether the statute also contemplates, in the case of an appeal, the final judgment and disposition of the case and an end of the prosecution. No case involving this precise question is cited in the briefs. Our attention has been called to a line of cases construing the word "conviction" in statutes authorizing the disbarment of attorneys for conviction of crime. The decisions seem to be divided on the question as to whether an appeal so suspends the judgment in a criminal case that an attorney is not liable to be disbarred under such a statute pending the determination of an appeal from his conviction, but the weight of authority seems to be to the effect that there may be disbarment notwithstanding an appeal has been taken and is pending from the conviction. 7 C. J. S., Attorney and Client, § 21(c); 5 Am. Jur., Attorneys at Law, § 282. It has also been held that under a statute which permits evidence of a conviction for a felony to be given as affecting the credibility of a witness, the taking of an appeal from a judgment of conviction does not annul it, so as to prevent evidence thereof from being given to affect the credibility of the convicted person, *Hackett v. Freeman,* 103 Iowa 296, 72 N. W. 528.

The cases relating to the subjects just mentioned, while to some extent analogous and helpful, are not decisive, for

the meaning of "convicted" when used in a statute is largely dependent upon the context, the subject matter and the purpose to be effected. The only decision which we have been able to find touching directly upon the question before us is *Goulter v. Huse,* 196 Wash. 652, 84 P. (2d) 126, 127. That case involved the construction of a Washington statute which authorized the Director of the Department of Licenses, in his sound discretion, to suspend the driver's license of any person whenever he had reason to believe that such person had committed certain offenses, of which driving under the influence of intoxicants was one. The appellant was convicted of this offense before a justice of the peace and appealed. Thereafter, the Director suspended his license for a period of one year. He immediately brought an action for the purpose of vacating this suspension and having his license restored, contending that the Director was without authority to suspend his license during the pendency of an appeal from his conviction. In denying the relief sought, the Court said:

"The appellant's argument appears to be based upon the hypothesis that, when the appeal was taken from the judgment of the justice of the peace to the superior court, that appeal 'annulled or wiped out' the judgment of the justice, and, for this reason, the director did not have the authority to revoke the license or suspend it because of the conviction and without having made an independent investigation of his own.

"It is necessary, then, to determine what was the effect of the appeal to the superior court. It will be admitted that, when there is an appeal from the justice court to the superior court, the case is there tried *de novo.* When such an appeal is taken, it may result in the superior court dismissing it, and, if such be the result, the accused is subject to punishment under the judgment of conviction pronounced against him by the justice court. *State v. Jones,* 80 Wash. 335, 141 P. 700; *State ex rel. Getman v. Webster,* 193 Wash. 265, 75 P. (2d) 124.

"From this it necessarily follows that, in this state, the appeal by the accused neither annuls nor wipes out the judgment of conviction. Such an appeal can only operate, under the holding of the cases cited, as a suspension of the operation of the judgment. Even though there was an appeal, there was a judgment of conviction upon which the director had a right to suspend the vehicle operator's license."

We now turn to the construction of our statute. It requires a report to be made within ten days to the State Highway Department of every conviction, plea of guilty or forfeiture of bail for driving a motor vehicle while under the influence of intoxicating liquor. Upon receipt of such report, it is mandatory upon the Department to suspend the license of the person so convicted. No discretion is allowed in the matter. *Emmertson v. State Tax Commission,* 93 Utah 219, 72 P. (2d) 467, 113 A. L. R. 1174. There is no requirement that notice be given to the holder of the license. The suspension follows as a consequence and effect of committing the offense. It is a forfeiture of the privilege to drive, due to the failure of the licensee to observe certain conditions under which the license was issued. The suspension constitutes no part of the punishment fixed by the court, nor is it an added punishment for the offense committed. It is civil and not criminal in its nature. *Commonwealth v. Harris,* 278 Ky. 218, 128 S. W. (2d) 579; *Commonwealth v. Ellett,* 174 Va. 403, 4 S. E. (2d) 762; *Prichard v. Battle,* 178 Va. 455, 17 S. E. (2d) 393, 396. In the last mentioned case, the Court said:

"The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee."

The foregoing authorities are to some extent supported by our own case of *State v. Pope,* 79 S. C. 87, 60 S. E. 234, where it was held that forfeiture of contraband liquors is not a part of the punishment imposed by a magistrate on one convicted of violating the liquor law.

Having concluded that the suspension of the license constitutes no part of the punishment for the offense of driving a motor vehicle while under the influence of liquor, it follows that the statute, Section 7–6 of the Code of 1952, providing that notice of appeal in a criminal case "shall operate as a stay of the execution of the sentence until the appeal is finally disposed of" has no application. It was held in *State v. Prater,* 27 S. C. 599, 4 S. E. 562, 563, that an appeal in a criminal case has no effect whatever upon the judgment which, until reversed, "stands unaffected by such appeal, except that it cannot be enforced by execution 'until the appeal is finally disposed of'."

We think the word "convicted" as used in the statute under consideration contemplates only a verdict of guilty and sentence thereon, and was not intended to preclude the suspension of the license of the person so convicted until the determination of his appeal and an end of the prosecution. If the latter had been meant, undoubtedly some provision would have been made for notice to the Highway Department of appeals and their disposition. The statute has no such provision. It contains no reference to an appeal from a conviction. It was held in *Bannister v. Shepherd,* 191 S. C. 165, 4 S. E. (2d) 7, 11, that "an Appellant has no constitutional or other right entitling him to a supersedeas pending an appeal, in the absence of express statutory authorization."

Evidently the General Assembly concluded that a verdict of guilty on a charge of driving an automobile while under the influence of intoxicating liquor was alone sufficient to warrant the temporary withdrawal of the privilege to drive. Upon such conviction, there is no

longer a presumption of innocence. There then arises a "legal as well as laical presumption" that the conviction is just. *State ex rel. Blake v. Levi,* 109 W. Va. 277, 153 S. E. 587, 588. Such a presumption is not destroyed or abrogated by appeal. It was clearly competent for the Legislature to declare what effect a judgment of conviction should have from the time it was rendered. It will be noted that the General Assembly further concluded that the forfeiture of bail should have the same effect as conviction. Clearly such forfeiture of bail is entitled to no more weight than the conclusion of a jury or judge that a driver is beyond a reasonable doubt guilty of driving while under the influence of liquor. These precautions were no doubt taken as the result of the appalling loss of life and limb from automobile accidents. It may be of interest to note that in *People v. Stryker,* 124 Misc. 1, 206 N. Y. S. 146, the Court held constitutional, as against objection that punishment was imposed in advance of conviction, a statute providing for suspension, during the pendency of the prosecution, of the driver's license of any person charged with driving while intoxicated.

In conclusion, it must be conceded that the suspension of a person's license during the pendency of an appeal may occasionally work a hardship because such conviction may be reversed and ultimately the accused found innocent. But no doubt this possibility was given due consideration by the law-making body and weighed against the alternative of allowing every person convicted of driving a motor vehicle while under the influence of liquor to continue using the highways during the pendency of his appeal, the hearing and disposition of which may involve considerable delay. After all, as we have endeavored to point out, the suspension is not to punish the offender but to remove from the highways an operator who is a potential danger to others thereon.

The order of the Circuit Court is reversed; the complaint dismissed; and the suspension of respondent's license by the Highway Department is adjudged to be valid.

STUKES and TAYLOR, JJ., and JAMES M. BRAILSFORD, JR., A. A. J., concur.

BAKER, C. J., concurs in result.