16948

WHITSELL HERNDON, Respondent v. THE SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(85 S. E. (2d) 287)

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondent-Appellant,*

*Messrs. Cabell, Singletary & Santos,* of Charleston, *for Petitioner-Respondent.*

January 5, 1955.

OXNER, Justice.

We are called upon to determine whether a circuit judge is empowered to review and modify or set aside the suspension of a driver's license by the Highway Department upon the ground that the driver had been convicted of operating a motor vehicle while under the influence of intoxicating liquor. The Court below held that it had jurisdiction to do so under Section 46-178 of the 1952 Code. The correctness of this conclusion is challenged by the Highway Department.

On March 11, 1954, respondent pleaded guilty before a magistrate to the offense of operating a motor vehicle while under the influence of intoxicating beverages, and paid a

$50.00 fine. A report of his conviction, which was a first offense, was duly made to the Highway Department as required by Section 46-347 of the 1952 Code. On April 1, 1954, the Department, under the authority of Section 46-348, suspended his license to drive for a period of six months, effective immediately. Notice of such suspension was given to respondent on the following day.

On April 19th, counsel for respondent gave notice to the Highway Department that they would apply to the Court to modify the suspension of his driver's license so as to permit him to drive in the course of his employment. Attached to this notice was a petition and affidavit showing that respondent had been exclusively employed as a truck driver by a laundry in the city of Charleston for a long number of years. His duties required him to solicit laundry and dry cleaning and deliver same. He was dependent upon this work for his livelihood. It was alleged in the petition that the suspension of his driver's license deprived him of the means of supporting himself and his family and caused great inconvenience to his employer and the patrons whom he had served for many years. In a return filed by the Highway Department, it was alleged that the full suspension of respondent's license was mandatory and that he was not entitled to the relief sought. A hearing was duly had before the resident Judge of the Ninth Circuit, who on May 7, 1954, issued an order permitting respondent to operate a motor vehicle while engaged in the discharge of his duties as a laundry truck driver. The case is here on appeal by the Highway Department from this order.

In 1930, an act was passed requiring a license to drive a motor vehicle, and regulating the issuance of such licenses and providing for the suspension or revocation of same under certain circumstances. Act No. 603 of the Acts of 1930, 36 St. at L. 1057. Section 19 of this act authorized the Highway Department to refuse a license "to any person for any cause satisfactory to said Department." Under the terms of Section 9, the Department, "For cause satisfactory" to

it, was empowered to suspend or revoke the driver's license of any person for a period of not more than one year. It was further provided in Section 9:

"Any person denied license or whose license has been suspended or cancelled or revoked shall have the right to file an application within thirty (30) days thereafter for a hearing in the matter before a Circuit Judge at Chambers or in open Court, in the judicial circuit in which the applicant resides, and such Court or Judge is hereby vested with jurisdiction to set the matter for hearing upon ten (10) days' written notice to the Highway Department for such hearing, and thereupon to determine whether the applicant is entitled to a license or is subject to suspension or cancellation or revocation of license under the provisions of this Act, and the decision of the Circuit Judge in any such case shall be final and conclusive without right to appeal."

Under the terms of Section 16 of the 1930 Act, it was made mandatory upon the Highway Department to revoke, for a period of twelve months, the license of any person convicted of certain designated crimes, which did not include driving under the influence of intoxicants. This section also authorized the Department, upon receiving a verified complaint that a licensee had committed certain specified acts affecting his competency to drive, to make an investigation, hold a hearing and take testimony. If upon such hearing, it was found that the driver was incompetent or unfit to operate a motor vehicle for any of the reasons stated in said act, the Highway Department was empowered to suspend or revoke the license of such person.

The foregoing act with certain amendments is now incorporated in Chapter 2 of Title 46 of the 1952 Code. The quoted portion of Section 9 of the 1930 Act now forms Section 46-178 of the 1952 Code. It was under this section that the Court below revoked in part the suspension of respondent's license.

In 1937 an act was passed making it mandatory upon the Highway Department to suspend the license of any person convicted of operating a motor vehicle while under the influence of intoxicating liquor. 40 St. at L. 222. There have been several subsequent amendments. The statutes pertaining to this subject are now incorporated in Article 5, Chapter 3, Title 46 of the 1952 Code. Under the terms of Section 46-347 a report must be made to the Motor Vehicle Division of the State Highway Department within ten days of every conviction, plea of guilty or forfeiture of bail for violating any law of this State or the ordinance of any municipality prohibiting a person from operating a motor vehicle while under the influence of intoxicating liquor. Section 46-348 provides that "The Department shall suspend the driver's license of any person who is convicted, receives sentence upon a plea of guilty or forfeits bail posted for the violation" of any such statute or ordinance. In *Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382, 385, we said: "Upon receipt of such report, it is mandatory upon the Department to suspend the license of the person so convicted. No discretion is allowed in the matter."

From the foregoing review of our statutes, it appears that for some causes including that of driving a motor vehicle while under the influence of liquor, the suspension of a driver's license is mandatory. Under certain other circumstances the Department makes an investigation and conducts a hearing and is vested with discretionary powers.

We do not think that Section 46-178 applies where the suspension of a license by the Highway Department is made mandatory. In such a case upon conviction, the statute itself voids the license and the order of suspension by the Department is purely a ministerial act. *Emmertson v. State Tax Commission,* 93 Utah 219, 72 P. (2d) 467, 113 A. L. R. 1174. As stated in *Parker v. State Highway Department, supra,* "The suspension follows as a consequence and effect .of committing the offense." It was in-

tended that a circuit judge should have authority only to review suspensions and revocations made by the Highway Department in the exercise of its discretionary power. Stated differently, we think Section 46-178 confers jurisdiction on a circuit judge to review the action of the Department in cases where an operator's license has been suspended or revoked for some cause other than one for which the statute makes it mandatory on the Department to suspend or revoke a license. When the Department does so in the exercise of its discretionary power, the circuit judge may inquire into the merits of the suspension and after a hearing can exercise his discretion as to whether a suspension should be decreed. But it was never contemplated that a circuit judge should have any discretion with respect to that which the General Assembly has seen fit to make mandatory. In such a case there is nothing to review.

The foregoing conclusion is strengthened by the fact that the power to review given to a circuit judge in the Act of 1930 was confined to suspensions or revocations "under the provisions of this Act." The mandatory provision for suspension on account of driving a motor vehicle while under the influence of intoxicants was not enacted until seven years later. And in the 1952 Code, Section 46-178, which was taken from the 1930 Act, is limited to a review by a circuit judge of suspensions or revocations of licenses "under the provisions of this chapter." The mandatory provision for suspension of a license for driving under the influence of intoxicating liquor is contained in a different chapter.

It is true that in *Folsom v. South Carolina State Highway Department,* 196 S. C. 167, 13 S. E. (2d) 130, the Court indicated that Section 46-178 of the 1952 Code, then Section 5990 of the 1932 Code, empowered a circuit judge to review a suspension of a license for driving an automobile under the influence of intoxicants, but it was not necessary in that case to pass upon the question now presented and the remarks with reference thereto must be regarded as *dicta.*

In conclusion, it may be conceded that the suspension of respondent's license will result in an economic hardship. Doubtless that is true in most cases of this kind. But the statute makes no exception on this ground and certainly neither the Circuit Court nor this Court has the power of amendment.

The order appealed from is reversed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.