20707

Odis CUMMINGS, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(245 S. E. (2d) 127)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for appellant.*

*Walter W. Brooks,* Columbia, *for respondent.*

June 7, 1978.

NESS, Justice:

This appeal is from an order refusing to re-open a DUI case and upholding a previous order amending the period of suspension imposed by appellant South Carolina Highway Department. We reverse.

Respondent Cummings was convicted of DUI (second offense) on May 22, 1973. For reasons not revealed in the record, the conviction was not reported to the Highway Department until three years later. Although respondent's conviction was one of second offense, the Department's records disclosed two prior violations, occurring in 1963 and 1967. Pursuant to Code Section 56-5-2990, respondent's license was suspended for two years on June 1, 1976.

Respondent served a rule to show cause and complaint on appellant seeking to set aside the suspension and to restore his driving privileges. The trial judge denied the relief requested, but *sua sponte* amended the period of suspension to one year.

Appellant thereafter moved to re-open the case in order to provide the court with the factual basis upon which the

two year suspension was founded. The trial judge denied this motion and continued his order altering the period of suspension.

We do not believe the trial court abused its discretion by refusing to re-open the judgment under Code Section 15-27-130. The Highway Department's failure to introduce respondent's driving records at the rule to show cause hearing constituted neglect, but not excusable neglect as required by the statute.

However, the trial court erred in amending the period of suspension imposed by appellant. The Highway Department was exercising its mandatory duty under Code Section 56-5-2990 and the trial court had no discretion in the matter. See *Parker v. State Highway Dept.*, 224 S. C. 263, 78 S. E. (2d) 382 (1953), and *Brewer v. South Carolina State Highway Dept.*, 261 S. C. 52, 198 S. E. (2d) 256 (1973).

After the error of the court in altering the suspension time was called to its attention, it should have vacated its previous order. In failing to vacate the order, which would have, in effect, restored the two year suspension, the court erred and is accordingly reversed.

Affirmed in part; Reversed in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.