481 S.E.2d 155

David W. McDANIEL, Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, successor to South Carolina Department of Transportation, f/k/a South Carolina Department of Highways and Public Transportation, Appellant.

No. 2607.

Court of Appeals of South Carolina.

Submitted Nov. 7, 1996.

Decided Dec. 23, 1996.

Rehearing Denied Feb. 20, 1997.

406

Associate General Counsel Patrick M. Teague and General Counsel Frank L. Valenta, Jr., Columbia, for appellant.

Richard J. Breibart of Breibart, McCauley & Newton, Lexington, for respondent.

STILWELL, Judge:

David W. McDaniel brought this declaratory judgment action against the South Carolina Department of Transportation, formerly known as the "South Carolina Department of Highways and Public Transportation" (the portion of which involved in this action is now known as the "South Carolina Department of Public Safety") (hereafter, "the Department"), seeking an order that his license was wrongfully permanently revoked and that he was entitled to a reissuance of his driver's license. The special referee ruled in McDaniel's favor and held he would be entitled to the reissuance of his license once he met the legal requirements regarding proper insurance, retraining, and payment of the appropriate fee. The Department appeals. We reverse.[1]

## FACTS

McDaniel was arrested and charged with driving under the influence, fifth offense, in January of 1990. A public defender was appointed to represent him on the charge.

The State, in a plea negotiation, offered to permit McDaniel to plead guilty to driving under the influence, fourth offense. McDaniel testified that his probation officer advised him that, by pleading to a fourth offense, his sentence would be less and he could get his driver's license back one day. McDaniel then pled guilty to DUI, fourth offense. McDaniel was sentenced to five years imprisonment, provided that upon service of one year the balance of the sentence would be suspended with five years' probation.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Shortly after he went to prison, McDaniel received a notice from the Department that his license had been permanently revoked as a result of his five DUI convictions. The letter detailed each offense, giving the date of the violation and clearly stating on the bottom thereof, "Your driver's license must be returned to the Department. Under no circumstances can your privilege to operate a motor vehicle in South Carolina be restored." According to McDaniel's testimony, he called the Department concerning the notice and was told he had 30 days to appeal the revocation.

McDaniel received another letter from the Department, dated May 1, 1990, 22 days after the first letter. The second letter stated:

This is to advise you of your present standing under the Habitual Offender Law. This law states that any person who is convicted of a minimum of three major violations or ten minor violations within a three year period will be classified as a habitual offender.

Our records now reveal that you have accumulated 2 major violations and 0 minor violations. Should you be convicted of any additional major or minor violations which would classify you as an habitual offender, your driving privilege will be suspended for a period of five years.

A listing of the major and minor offenses is printed on the reverse side of this letter and we earnestly request that you improve your driving habits in order to protect your privilege to drive on the streets and highways of South Carolina.

McDaniel testified that, upon receipt of this letter, he again sought the advice of his probation officer, who told him to disregard the second document because he had pled guilty to DUI, fourth offense.

After McDaniel was released from jail and the three-year period for which time he believed his license was suspended had passed, McDaniel inquired of the Department about having his license reissued. The Department refused to do so on the basis that his license had been permanently revoked. McDaniel then instituted this action.

The action was referred to a special referee to hear the case with finality and with direct appeal to the supreme court. Following a hearing, the special referee found there were

affirmations made to McDaniel by "[the Department] and various other state officials." The special referee held McDaniel reasonably relied on these affirmations to his detriment and that the Department was therefore estopped from denying that McDaniel should be reissued a driver's license.

## SCOPE OF REVIEW

A suit for declaratory judgment can be legal or equitable, depending on the nature of the underlying issue. *Felts v. Richland County*, 303 S.C. 354, 400 S.E.2d 781 (1991). Estoppel is equitable in nature. *Atlantic & C. Air Line Ry. Co. v. Victor Mfg. Co.*, 79 S.C. 266, 60 S.E. 675 (1908). In an action tried in equity by a special referee alone, the appellate court may view the evidence in accordance with its own view of the preponderance of the evidence, though it is not required to disregard the findings of the lower court. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976).

## LAW/DISCUSSION

The Department argues on appeal that "The special referee erred by ordering [the Department] to reissue a driver's license to [McDaniel] who is 'forever barred' from being issued any driver's license pursuant to section 56–5–2990." We agree.

S.C.Code Ann. § 56–5–2990 (Supp.1995) states:

The department *shall suspend* the driver's license of any person who is convicted, receives sentence upon a plea of guilty or of nolo contendere, or forfeits bail posted for the violation of Section 56–5–2930 or for the violation of any other law or ordinance of this State or of any municipality of this State that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics for six months for the first conviction, plea of guilty or of nolo contendere, or forfeiture of bail, one year for the second conviction, plea of guilty or of nolo contendere, or forfeiture of bail, two years for the third offense, three years for the fourth offense, and *a permanent revocation of the driver's license for fifth and subsequent offenses.* Only those violations which occurred within ten years including and immediately preceding the date of the

last violation shall constitute prior violations within the meaning of this section. *Any person whose license is revoked following conviction for a fifth offense as provided in this section is forever barred from being issued any license by the Department* of Revenue and Taxation to operate a motor vehicle.

(Emphasis added.)

A long line of South Carolina cases, including *Parker v. State Highway Department,* 224 S.C. 263, 78 S.E.2d 382 (1953); *Herndon v. South Carolina State Highway Department,* 226 S.C. 384, 85 S.E.2d 287 (1955); and *Brewer v. South Carolina State Highway Department,* 261 S.C. 52, 198 S.E.2d 256 (1973), has held that the Department has no discretion in the performance of its mandatory duty to suspend the driver's license of one convicted of DUI. *Parker* stated in part:

No discretion is allowed in the matter. There is no requirement that notice be given to the holder of the license. The suspension follows as a consequence and effect of committing the offense. It is a forfeiture of the privilege to drive, due to the failure of the licensee to observe certain conditions under which the license was issued. The suspension constitutes no part of the punishment fixed by the court, nor is it an added punishment for the offense committed. It is civil and not criminal in its nature.

*Parker,* 224 S.C. at 271, 78 S.E.2d at 385 (citations omitted). Citing *Prichard v. Battle,* 178 Va. 455, 17 S.E.2d 393, 396 (1941), the court in *Parker* further held, "The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee." *Parker,* 224 S.C. at 271, 78 S.E.2d at 386.

There is no dispute, therefore, that, even though McDaniel pled guilty to fourth-offense DUI, unless the Department is estopped from revoking McDaniel's license permanently on the basis that it was actually a fifth-offense DUI, the statute (S.C.Code Ann. § 56–5–2990) *mandates* that it do so. *See Cummings v. South Carolina State Highway Dept.,* 271 S.C. 89, 245 S.E.2d 127 (1978) (although driver's conviction was for DUI, second offense, where driver had two prior convictions according to Department records, his license was properly

suspended for the period mandated for a third DUI convic-
tion). It is that issue to which we now turn our attention.

Under appropriate circumstances, estoppel may be the basis
for relief against State action.[2] *Powell v. Board of Comm'rs
of Police Ins.*, 210 S.C. 136, 41 S.E.2d 780 (1947). The
potential elements of estoppel as related to the party estopped
are: (1) conduct that amounts to a false representation or
concealment of material facts or is at least calculated to
convey the impression that the facts are otherwise than, and
inconsistent with, those that the party subsequently attempts
to assert; (2) intention, or at least expectation, that such
conduct shall be acted upon by the other party; and (3)
knowledge, actual or constructive, of the real facts. *Southern
Dev. Land and Golf Co. v. South Carolina Pub. Serv. Auth.*,
311 S.C. 29, 426 S.E.2d 748 (1993). As related to the party
claiming the estoppel, the essential elements are: (1) lack of
knowledge and of the means of knowledge of the truth as to
the facts in question; (2) reliance upon the conduct of the
party estopped; and (3) prejudicial change in position. *Id.*

McDaniel argues that evidence of several false representa-
tions made to him supports the special referee's ruling.

█ McDaniel first argues the Department should be es-
topped from permanently revoking his license because he
relied on the advice of his probation officer that he should
accept the State's offer to plead guilty to DUI, fourth offense,
because that would allow him to have his license reissued
sometime in the future. McDaniel also contends his reliance
on his probation officer's advice concerning the legal signifi-
cance of the two written notices he received from the Depart-
ment supports the estoppel ruling. We disagree.

A statement by a probation officer, who is in no way
connected with the Department and who has no responsibility
regarding the suspension of McDaniel's license, could not
possibly serve to bind the Department. *See Powell*, 210 S.C.
136, 144, 41 S.E.2d 780, 783 ("Ordinarily estoppel has been
held applicable against the public only when the conduct or
representations of the officers or agents giving rise to it are

---

2. Because we hold McDaniel has not successfully proven the elements
of estoppel, we need not decide if estoppel could serve as a basis for
relief in the scenario before us.

within their authority as such officers or agents."). Furthermore, there was certainly no evidence that McDaniel's probation officer had actual or constructive knowledge that his advice was incorrect.

We also disagree with McDaniel's next contention, that the assurances of both the solicitor and the judge who accepted his plea that McDaniel would be sentenced as a fourth offender should serve to estop the Department from permanently revoking his license. No representations made by the solicitor or the judge who accepted McDaniel's plea can serve as the basis for estopping the Department from revoking McDaniel's license because the solicitor and judge were involved only with the criminal case against McDaniel. *See id.; Parker,* 224 S.C. 263, 78 S.E.2d 382 (suspensions and revocations of driver's licenses by the Department are civil in nature and constitute no part of the punishment fixed by the court). Moreover, even had the solicitor or the judge had any authority to determine whether or for how long McDaniel's license would be suspended, there is no evidence in the record that they ever represented that his license would not be permanently revoked. The judge told McDaniel only that he would punish him as a fourth offender, and that is exactly what he did.

McDaniel finally argues that the Department's second letter to him, the one dated May 1, 1990, supports the special referee's ruling. His argument is based on the contention that he relied on that letter, to his detriment, in deciding not to appeal the permanent revocation of his license, noticed to him in the April 9, 1990, letter. We reject this argument. Because McDaniel does not deny he had five DUI convictions in a ten-year period, we find that any challenge to his permanent revocation would have been fruitless. McDaniel's decision not to appeal, therefore, did not constitute a prejudicial change in position.

For the foregoing reasons, we reverse the decision of the special referee and hold McDaniel is forever barred from being issued any license by the Department.

**REVERSED.**

CONNOR and HEARN, JJ., concur.