498 S.E.2d 894

**CITY OF SUMTER POLICE DEPARTMENT, Appellant,**

v.

**ONE (1) 1992 BLUE MAZDA TRUCK (VIN # JM2UF1132N0294812), Owner of Record: Stevie L. Ratcliff, Respondent.**

No. 2808.

Court of Appeals of South Carolina.

Submitted March 3, 1998.

Decided March 16, 1998.

---

Martha McElveen Horne, of City of Sumter Police Department, and Terrell T. Home, of Bryan, Bahnmuller, Goldman & McElveen, Sumter, for Appellant.

Kenneth R. Young, Jr., of Young, Young & Reiter, Sumter, for Respondent.

ANDERSON, Judge:

This is a statutory construction case involving S.C.Code Ann. § 56–5–6240 (Supp.1997). The statute provides for civil forfeiture of a driver's vehicle upon conviction for "a fourth or subsequent violation within the last ten years of operating a motor vehicle while under the influence of intoxicating liquor or drugs (DUI)." The circuit court held the statute requires a conviction for DUI, fourth offense, before imposition of forfei-

ture of the driver's vehicle, and ruled Stevie L. Ratcliff's vehicle was not subject to forfeiture. We reverse and remand, holding the statute requires only that the defendant have four or more DUI convictions within a ten-year period.[1]

## FACTUAL/PROCEDURAL BACKGROUND

The facts are not disputed. On April 15, 1993, a Sumter police officer arrested Ratcliff and charged him with DUI, *fourth* offense. As part of a plea bargain, Ratcliff pled guilty on March 21, 1994 to DUI, *third* offense.[2]

Following Ratcliff's conviction, the City of Sumter Police Department filed this action seeking forfeiture of Ratcliff's 1992 blue Mazda truck[3] pursuant to section 56–5–6240. In the alternative, the Police Department sought storage fees. Ratcliff opposed the forfeiture, alleging the statute did not apply to him because he pled guilty to DUI, third offense. The circuit court agreed, concluding the statute required a conviction for DUI, fourth offense, not a conviction for a fourth DUI violation within a ten-year period. The court ruled Ratcliff's vehicle was not subject to forfeiture. The City of Sumter Police Department appeals.

## ISSUES

(1) Does section 56–5–6240 allow a vehicle to be seized when the driver has four convictions for DUI in the last ten years, or does it require a conviction for DUI, fourth offense?

(2) If the vehicle is not subject to forfeiture, may the law enforcement agency charge storage fees for the period it has held the vehicle?

## STANDARD OF REVIEW

An action for forfeiture of property is a civil action at law. *State v. Petty*, 270 S.C. 206, 241 S.E.2d 561 (1978). "In

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Ratcliff does not dispute that this was his fourth DUI conviction in ten years.

3. Ratcliff was the owner and driver of the truck at the time he was cited for DUI.

an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's findings." *Townes Assocs., Ltd. v. City of Green-ville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). "The judge's findings are equivalent to a jury's findings in a law action." *Id. See also King v. PYA/Monarch, Inc.*, 317 S.C. 385, 453 S.E.2d 885 (1995) (in an action at law, tried without a jury, the judge's findings will not be disturbed unless they are without evidentiary support).

## LAW/ANALYSIS

The civil forfeiture statute, section 56–5–6240, provides in pertinent part:

(A) In addition to the penalties for *persons convicted of ... a fourth or subsequent violation within the last ten years* of operating a motor vehicle while under the influence of intoxicating liquor or drugs (DUI), the persons must have the motor vehicle they drove during this offense forfeited if the offender is the owner of record. . . .

(B) Upon the conviction of the person driving the vehicle, or upon his plea of guilty or nolo contendere to these offenses, the sheriff or chief of police shall initiate an action in the circuit court of the county in which the vehicle was seized to accomplish forfeiture. . . . The court shall order a vehicle returned to the owner of record if it is shown by a prepon-derance of the evidence that: (1) the use of the vehicle on the occasion of arrest was not either expressly or impliedly authorized, or (2) the owner of record did not know that the driver had no valid driver's license. Otherwise, the court shall order the vehicle forfeited.

S.C.Code Ann. § 56–5–6240 (Supp.1997) (emphasis added).

■ At issue in this appeal is the meaning of the phrase, "convicted of ... a fourth or subsequent violation ... [for DUI]." According to Ratcliff, the language means DUI, fourth offense, not a fourth conviction for a DUI violation. He contends that since his latest conviction was for DUI, third offense, the forfeiture statute cannot be applied in this in-stance.

The City of Sumter Police Department argues section 56–5–6240 only requires a conviction for a fourth or subsequent DUI violation within a ten-year period. The Department asserts that where the DUI offense is in fact a fourth or subsequent violation during the relevant period, the vehicle is subject to forfeiture regardless of the fact that the driver was allowed to plead guilty to DUI, third offense. We agree.

The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E.2d 634 (1992). All rules of statutory construction are subservient to the one that the legislative intent must prevail if it reasonably can be discovered in the language used, and the language must be construed in the light of the intended purpose of the statute. *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 440 S.E.2d 364 (1994). The determination of legislative intent is a matter of law. *Charleston County Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 459 S.E.2d 841 (1995).

■ The legislature's intent should be ascertained primarily from the plain language of the statute. *State v. Hendriks*, 318 S.C. 562, 459 S.E.2d 520 (Ct.App.1995). Words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation. *Rowe v. Hyatt*, 321 S.C. 366, 468 S.E.2d 649 (1996); *Gilstrap v. South Carolina Budget & Control Bd.*, 310 S.C. 210, 423 S.E.2d 101 (1992); *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 377 S.E.2d 569 (1989). If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation and the court has no right to look for or impose another meaning. *Paschal v. State Election Comm'n*, 317 S.C. 434, 454 S.E.2d 890 (1995); *Miller v. Doe*, 312 S.C. 444, 441 S.E.2d 319 (1994). *See also Parsons v. Georgetown Steel*, 318 S.C. 63, 456 S.E.2d 366 (1995) (if the statutory terms are clear, there is no room for construction). When the terms of a statute are clear, the court must apply those terms according to their literal meaning. *Holley v. Mount Vernon Mills, Inc.*, 312 S.C. 320, 440 S.E.2d 373 (1994); *Adkins v. Varn*, 312 S.C. 188, 439 S.E.2d 822 (1993).

■ The terms of a forfeiture statute should be strictly construed. *Ducworth v. Neely,* 319 S.C. 158, 459 S.E.2d 896 (Ct.App.1995). However, the statute as a whole must receive a practical, reasonable, and fair interpretation that is consonant with the purpose, design, and policy of the legislature. *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E.2d 115 (1992). In interpreting a statute, the language of the statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. *Hitachi Data Systems Corp. v. Leatherman,* 309 S.C. 174, 420 S.E.2d 843 (1992). The court should review the statutory language as a whole in light of its manifest purpose. *Simmons v. City of Columbia,* 280 S.C. 163, 311 S.E.2d 732 (1984). Any ambiguity in a statute should be resolved in favor of a just, equitable, and beneficial operation of the law. *Bennett v. Sullivan's Island Bd. of Adjustment,* 313 S.C. 455, 438 S.E.2d 273 (Ct.App.1993).

In analyzing section 56–5–6240, we note that there have been cases interpreting similar language contained in the South Carolina statute governing license suspensions, S.C.Code Ann. § 56–5–2990 (Supp.1997). Section 56–5–2990 provides for varying periods of suspension based on the number of DUI violations. It states in pertinent part:

> The department shall suspend the driver's license of any person who is convicted, receives sentence upon a plea of guilty or of nolo contendere, or forfeits bail posted ... [for DUI] ... for six months for the first conviction, plea of guilty or of nolo contendere, or forfeiture of bail, one year for the second conviction, plea of guilty or of nolo contendere, or forfeiture of bail, two years *for the third offense,* three years *for the fourth offense,* and a permanent revocation of the driver's license *for fifth and subsequent offenses.* Only those violations which occurred within ten years including and immediately preceding the date of the last violation shall constitute prior violations within the meaning of this section. Any person whose license is revoked following conviction for a *fifth offense* as provided in this section is forever barred from being issued any license by the department to operate a motor vehicle.

S.C.Code Ann. § 56–5–2990 (Supp.1997) (emphasis added).

In *Cummings v. South Carolina State Highway Department,* 271 S.C. 89, 245 S.E.2d 127 (1978), our Supreme Court

held that where the driver had two prior convictions for DUI, his license was properly suspended for the period mandated in section 56–5–2990 for a third DUI conviction, even though the driver's latest conviction was for DUI, second offense.

In *McDaniel v. South Carolina Department of Public Safety*, 325 S.C. 405, 481 S.E.2d 155 (Ct.App.1996), we held that where section 56–5–2990 mandated permanent revocation of a driver's license for a fifth DUI offense, the Department of Public Safety had a duty to permanently revoke the driver's license of a defendant who was convicted of his fifth DUI offense, even though the defendant had entered a negotiated plea to fourth-offense DUI. We noted that the statute allows no discretion. The suspension constitutes no part of the punishment fixed by the court, nor is it an added punishment for the offense. It is civil, not criminal, in nature, and the purpose of the license forfeiture "is to protect the public and not to punish the licensee." *Id.* at 410, 481 S.E.2d at 157–58 (quoting *Parker v. State Highway Dep't*, 224 S.C. 263, 78 S.E.2d 382 (1953)).

As noted above, the licensing forfeiture is a civil matter. However, our Supreme Court has applied the same reasoning even in assessing the criminal penalties prescribed in the DUI statute, holding that the term "offenses" refers to the prior number of convictions, not the designation of the offense as a first, second, third, etc. In *State v. McAbee*, 220 S.C. 272, 67 S.E.2d 417 (1951), the court held that a defendant who had been twice convicted for DUI could be sentenced as a third offender for his latest conviction, notwithstanding the fact that in the second prosecution the defendant was convicted and sentenced only as a first offender. The court stated:

There is no provision in the statute which requires that a defendant shall be convicted and sentenced as a second offender before he can be sentenced as a third offender. The statute merely requires that there should be two previous convictions. It is wholly immaterial whether defendant, on the second conviction, had his penalty increased by reason of his first conviction. *The statute is concerned with prior convictions and not the sentences under those convictions.* The right of the State to have appellant sentenced as a third offender is not contingent upon the penalties im-

posed for his former convictions but upon the fact that he has been previously twice convicted of driving a motor vehicle while under the influence of intoxicants.

*Id.* at 275–76, 67 S.E.2d at 418 (emphasis added).

The provision prohibiting DUI in South Carolina is S.C.Code Ann. § 56–5–2930 (1991). Enhanced *criminal* penalties for violation of the DUI statute are found in S.C.Code Ann. § 56–5–2940 (1991 & Supp.1997). The legislature created only one substantive offense, DUI, and the characterization of the offense as a first, second, third, or fourth or subsequent offense is for purposes of sentence enhancement only. The provision for forfeiture of the driver's vehicle contained in section 56–5–6240 is a separate *civil* proceeding, and its application is not dependent upon the characterization of a criminal conviction under section 56–5–2940. The purpose of the statutes governing license forfeiture (section 56–5–2990) and vehicle forfeiture (section 56–5–6240) is to make drunk driving consequences more serious upon conviction for successive violations.

The consequences of the offense are determined by the number of offenses accumulated by the offender, regardless of how those convictions are denominated. The interpretation urged by Ratcliff could result in plea bargaining by repeat offenders to avoid longer periods of suspension or the forfeiture of a vehicle. *Cf., e.g., Division of Driver Licensing v. Bergmann,* 740 S.W.2d 948 (Ky.1987) (license revocation period is not governed by the designation of the conviction as a first, second, third or subsequent violation of the DUI statute but by the number of convictions for DUI under the statute within the relevant period). In *Bergmann,* the Supreme Court of Kentucky stated, "This approach ensures that persons convicted for DUI will be uniformly treated and will have their driver's license revoked for progressively longer periods of time for successive DUI violations regardless of how those convictions are denominated." *Id.* at 950. "The legislature did not create first, second and third or subsequent offenses. It established one offense of driving under the influence and provided that part of the result of convictions would be revocation of the operator's license. The exact term of the revocation is determined by the number of offenses accumulated by the offender. The number of offenses does not relate in any way to the basic charge of DUI." *Id.*

We find the disputed language in section 56–5–6240, the civil forfeiture statute, is plain and unambiguous. The General Assembly intended forfeiture to apply when a person received a fourth conviction for a DUI violation. We see no indication that the General Assembly chose to enhance criminal penalties for subsequent violations while allowing a person to elude civil forfeiture by pleading to a lesser offense. The clear purpose of the statute is to provide for forfeiture of the driver's vehicle upon conviction for a fourth or subsequent DUI violation. The statute refers to the number of offenses that have occurred during the relevant time period, not to a conviction for "DUI, fourth offense." Accordingly, the circuit court erred in determining Ratcliff's vehicle was not subject to forfeiture proceedings.

## CONCLUSION

For the foregoing reasons, we hold Ratcliff's vehicle is subject to forfeiture proceedings because section 56–5–6240 provides for forfeiture where the defendant has four or more convictions for DUI within a ten-year period. In light of our decision on this issue, we need not address the remaining issue of storage fees. The decision of the circuit court is

**REVERSED AND REMANDED.**

HUFF and HOWARD, JJ., concur.