**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, Respondent,

v.

Shawn L. Bethea and South Carolina Department of Motor Vehicles, Defendants,

Of whom Shawn L. Bethea is the Appellant.

Appellate Case No. 2015-000985

———————————

Appeal From Dillon County
Harry Roberson Easterling, Jr., Special Referee

———————————

Unpublished Opinion No. 2017-UP-261
Submitted April 3, 2017 – Filed June 28, 2017

———————————

**AFFIRMED**

———————————

Shawn L. Bethea, of Dillon, pro se.

Trent M. Grissom, of McGuire Woods, LLP, of Charlotte, North Carolina, for Respondent.

———————————

**PER CURIAM:**  Shawn L. Bethea appeals the special referee's order granting summary judgment in favor of Bank of America (the Bank) in the Bank's foreclosure action against Bethea's property (the Land) on which a mobile home was located.  Bethea argues the special referee erred by (1) finding judicial estoppel barred him from asserting the mobile home was not affixed to the Land; (2) granting the Bank's motion for summary judgment despite a magistrate's court order granting him title to the mobile home in a storageman's lien action, and (3) finding the magistrate did not have subject matter jurisdiction over the mobile home in the previous action.[1]  We affirm.

1.      We find no error by the special referee in finding judicial estoppel barred Bethea from asserting the mobile home was not affixed to the Land.  "Estoppel is equitable in nature.  In an action tried in equity by a special referee alone, the appellate court may view the evidence in accordance with its own view of the preponderance of the evidence, though it is not required to disregard the findings of the lower court." *McDaniel v. S.C. Dep't of Pub. Safety*, 325 S.C. 405, 409, 481 S.E.2d 155, 157 (Ct. App. 1996) (citation omitted).

Bethea asserted in bankruptcy court in 2004 that the mobile home was real property.  When Bethea discovered in 2010 that the certificate of title to the mobile home was never transferred into his name, he attempted to change the certificate of title.  When he was unsuccessful, he filed the action in magistrate's court alleging rents due pursuant to a storageman's lien.  The foregoing actions indicate a continued belief by Bethea that he owned the mobile home throughout this time and the magistrate's action was an attempt to effectuate the true state of the title of the mobile home.  Bethea's allegation in this foreclosure action that the mobile home was not part of the Land is inconsistent with his years of attempts to assert otherwise, including in the bankruptcy action. *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 251, 489 S.E.2d 472, 477 (1997) ("Judicial estoppel precludes a party from adopting a position in conflict with one earlier taken in the same or related litigation."); *id.* ("The purpose or function of the doctrine is to protect the integrity of the judicial process or the integrity of courts rather than to protect litigants from allegedly improper or deceitful conduct by their adversaries. Judicial estoppel generally applies only to inconsistent statements of fact." (citation omitted)); *see Auto-Owners Ins. Co. v. Rhodes*, 405 S.C. 584, 598, 748 S.E.2d 781, 788 (2013) ("For the doctrine of judicial estoppel to apply, . . . two inconsistent positions [must be] taken by the same party [and] . . . the inconsistency must be part of an intentional effort to mislead the court . . . .").

---

[1] We have consolidated and reorganized Bethea's issues on appeal.

We find Bethea's allegation in the foreclosure action that the mobile home was not affixed to the Land was inconsistent with his allegations in the bankruptcy action and was an intentional effort to mislead the court in the foreclosure action. Thus, we affirm the special referee's ruling Bethea was judicially estopped from alleging the mobile home was not affixed to the Land. *See Hayne*, 327 S.C. at 252, 489 S.E.2d at 477 ("When a party has formally asserted a certain version of the facts in litigation, he cannot later change those facts when the initial version no longer suits him.").[2]

2.      We find no error by the special referee in finding the mobile home was a permanent fixture to the Land and, therefore, granting the Bank's motion for summary judgment. "When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court." *Carolina Chloride, Inc. v. S.C. Dep't of Transp.*, 391 S.C. 429, 434, 706 S.E.2d 501, 504 (2011). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show … no genuine issue [exists] as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP.

"In an action to foreclose a mortgage on real property, the mortgagee has the burden of proving a disputed mortgage by the preponderance of the evidence." *Paramount Fund, Inc. v. Cusaac*, 282 S.C. 497, 499, 319 S.E.2d 354, 355 (Ct. App. 1984). "The determination whether . . . an item is a fixture is a mixed question of law and fact." *Carjow, LLC v. Simmons*, 349 S.C. 514, 519, 563 S.E.2d 359, 362 (Ct. App. 2002). "A mobile home usually is classified as personal property." *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000). However, a court may adjudicate a mobile home to be a fixture to real property. *City of North Charleston v. Claxton*, 315 S.C. 56, 63, 431 S.E.2d 610, 614 (Ct. App. 1993). "In determining whether an item is a fixture, courts should consider the following factors: '(1) mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation, and (4) the

---

[2] To the extent Bethea asserts on appeal the Bank acted with unclean hands, the issue is not preserved for appellate review because Bethea failed to raise this argument to the special referee. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

relationship of the parties.'" *Carjow*, 349 S.C. at 519, 563 S.E.2d at 362 (quoting *Hyman v. Wellman Enters.*, 337 S.C. 80, 84, 522 S.E.2d 150, 152 (Ct. App. 1999)).

Bethea's predecessor in interest purchased the mobile home and the real estate, intending to have the mobile home become a fixture, and she indicated her intent by signing the affidavit with the county.  In addition, a September 5, 2000 plat depicted an "existing mobile home" as part of the Land.  In June 2001, the prior owner executed a deed in lieu of foreclosure.  The warranty deed provided a legal description of the real estate and stated "[t]his includes any manufactured home owned by the defendant(s) located on this property."

The deed included a legal description of the Land and stated the conveyance "includes a 2001 Pioneer Mobile Home."  In November 2002, Bethea refinanced the mobile home and obtained an appraisal of the Land for financing.  Although the mobile home was not referenced in the mortgage, the description in the appraisal included a manufactured home on a "brick foundation."  Additionally, all of the supporting documentation for the refinance indicated the mobile home was connected to the real estate, including the listing of manufactured house as the type of property on the schedule of real estate owned.  Also, in his 2004 bankruptcy action, Bethea listed the real estate and the mobile home together as real property, attaching the 2002 appraisals to establish a value of the property.  We find no genuine issue of material fact as to whether the mobile home was a fixture, and we find no error by the special referee in granting the Bank's motion for summary judgment.  *See Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 253, 715 S.E.2d 348, 355 (Ct. App. 2011) (explaining equity "look[s] to the substance and intent of the parties, and give[s] a construction consistent with such intent").

3.      We need not reach Bethea's argument the special referee erred in finding the magistrate did not have subject matter jurisdiction over the previous storageman's lien action.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.[3]**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.  We affirm pursuant to Rule 220(b), SCACR.