COMMONWEALTH of
Kentucky, Movant,

v.

Robert STEIBER, Jr., Respondent.

Supreme Court of Kentucky.

Sept. 26, 1985.

Steven R. Niehaus, Burlington, for movant.

Edward G. Drennen II, Dept. of Public Advocacy, Florence, for amicus curiae.

WINTERSHEIMER, Justice.

The single issue is whether a jury in a driving under the influence trial may be instructed that the defendant's operator's license is revoked upon conviction pursuant to KRS 189A.070.

Steiber was charged with violation of KRS 189A.010 in District Court and tried by jury. During deliberations the jury requested instructions on whether defendant's license would be revoked by conviction. The trial judge instructed the jury as to the provisions of KRS 189A.070. The jury returned a not guilty verdict.

The new driving under the influence statute revokes a driver's license upon convic-

**136**

tion. The revocation is court administered under KRS 189A.080. All previous revocations, under the former KRS 186.560, had been administrative acts of the Transportation Cabinet. The new statute does not change the ministerial nature of the revocation.

Together KRS 189A.070 and the amended KRS 186.560 still substantially reflect the former KRS 186.560. KRS 186.-560(1)(b) was amended to eliminate offenses covered under the new act and KRS 189A.060, 189A.070 and 189A.080 were specifically referenced back into the amended KRS 186.560. The new act has only changed the point in time when the license is revoked.

Under both the former and amended KRS 186.560, the Transportation Cabinet revoked the operator's license only upon receiving record of conviction. The new statute revokes the operator's license immediately upon conviction. Immediate revocation or suspension is court administered because the court enters the final judgment. The function of the trial court is still ministerial and the terms of revocation and reinstatement are subject to Transportation Cabinet regulations the same as revocations under KRS 186.560.

The new statute does not make loss of license an additional punishment. License revocation is not a punishment but a cautionary measure to protect the safety of the public. *See Commonwealth v. Burnett,* 274 Ky. 231, 118 S.W.2d 558 (1938). While revocation is in addition to the penalties specified in KRS 189A.010, its inclusion in the new act is only to immediately initiate the procedure and not to change the substantive nature of the act. The legislature did not create a new penalty in simply amending the revocation process.

*Payne v. Commonwealth,* Ky., 623 S.W.2d 867 (1981) forbids counsel and court from any comment concerning the consequences of a particular verdict.

The jury is only to decide the ultimate issue and to assess penalties thereon. Consequently, the jury should not be instructed or be allowed to speculate on whether the defendant's license shall be revoked upon conviction.

The law is so certified.

All concur.