**DIVISION OF DRIVER LICENSING, DEPARTMENT OF VEHICLE REGULATION, TRANSPORTATION CABINET, Commonwealth of Kentucky, Appellant,**

v.

**Cornelius P. BERGMANN, Appellee.**

**No. 87–SC–177–DG.**

Supreme Court of Kentucky.

Nov. 25, 1987.

Karen A. Powell, Office of General Counsel, Frankfort, for appellant.

Irene P. Long, Bedford, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the dismissal by the circuit court of a petition for injunction against the Transportation Cabinet. Convicted of two separate Driving Under the Influence charges, Bergmann sought injunctive relief upon receiving notice that his driver's license would be revoked by the Cabinet for one year and that

he would not be granted an administrative hearing concerning the revocation.

The issue is whether a second conviction for DUI empowers the Transportation Cabinet to revoke the driver's license of a person so convicted for twelve months.

Bergmann was first convicted of DUI on March 18, 1982. On May 23, 1985, he pled guilty to another DUI charge pursuant to KRS 189A.010 in district court and received a $250 fine and an order for payment of the service fee and costs. On June 4, he requested a hearing under KRS 186.570(2) prior to the Transportation Cabinet taking any action relative to his license. On June 7, the Cabinet replied that a hearing would be denied because of the mandatory nature of KRS 189A.070 and also informed him that his revocation period under the same statute would be twelve months because he had a prior DUI conviction. On June 11, 1985, the Cabinet received the record of his conviction in district court and issued a routine form letter notifying him that his license would be revoked for twelve months because of his prior conviction.

Bergmann sought a temporary and permanent injunction in circuit court to prevent the Transportation Cabinet from suspending his driving privileges for any period other than that set out in KRS 189A.070(1)(a) which is the statutory section relating to persons convicted of a first time violation of KRS 189A.010. The circuit court dismissed the complaint for failure to state a claim for which relief could be granted and dissolved the temporary injunction holding that the Cabinet's administrative actions based on Bergmann's DUI convictions were not limited to the criminal nature of his conviction and that because there would be no issue of fact to be determined in revoking the license based on the conviction records, no hearing was required concerning the one-year revocation.

The Court of Appeals reversed the circuit court stating that the Cabinet did not have the authority to impose a twelve-month revocation upon the receipt of a DUI conviction record where such conviction was characterized by the district court as a first

offense. This Court granted discretionary review.

The decision of the Court of Appeals is reversed.

KRS 189A.010 makes DUI a crime and sets out specific criminal penalties to be imposed upon conviction. KRS 186.560 requires the Transportation Cabinet to revoke a driver's license pursuant to the mandatory revocation periods found in KRS 189A.070. The two statutory plans are completely separate and any characterization of a criminal conviction under KRS 189A.010(2) does not apply to the revocation period mandated by KRS 189A.070 and applied by the Cabinet.

KRS 189A.010 provides in pertinent part that no person shall operate a motor vehicle while under the influence of alcohol or any other substance which may impair one's driving ability and that any person who violates this section of the law shall have his license to operate a motor vehicle revoked. The same statute provides for revocation procedures for first, second, third or subsequent offenders. The legislature did not create first, second and third or subsequent offenses. It established one offense of driving under the influence and provided that part of the result of convictions would be revocation of the operator's license. The exact term of the revocation is determined by the number of offenses accumulated by the offender. The number of offenses does not relate in any way to the basic charge of DUI. KRS 189A.010(2) enunciates criminal penalties and does not relate to or conflict with revocation procedures in KRS 189A.070.

The legislature chose not to impose a revocation period based on the characterization of the DUI conviction and the courts may not add this language to KRS 189A.070 where none exists now. *Bailey v. Reeves*, Ky. 662 S.W.2d 832, 834–835 (1984).

■ The revocation period is not governed by the conviction as a first, second, third or subsequent violation of the statute within a five-year period but by the number of convictions sustained for DUI under the statute within that period. Whether those convictions are all pursuant to KRS 189A.010(2)(a) for first offense violations of KRS 189A.010 or whether they are successive convictions is of no consequence in the administration of KRS 189A.070. *See Commonwealth v. Steiber*, Ky. 697 S.W.2d 135 (1985). This approach ensures that persons convicted for DUI will be uniformly treated and will have their driver's license revoked for progressively longer periods of time for successive DUI convictions regardless of how those convictions are denominated. This comports with the legislative intent in adopting the statute. The interpretation presented by Bergmann could result in plea bargaining by persons arrested for DUI to avoid progressively longer suspensions for repeating drunk drivers.

The nature and purpose of the 1984 law was to make drunk driving consequences more serious and not less. Therefore KRS 186.560(5) was intended to apply to persons who have no previous DUI convictions and not to a person convicted pursuant to KRS 189A.010(2)(a). The argument by Bergmann and the reference by the Court of Appeals is incorrect.

The Kentucky General Assembly removed all discretion from the Transportation Cabinet in revoking a driver's license. There are no additional findings after receiving a record of conviction from the courts. Revocation is mandatory.

■ The legislature provided no appeal provisions from a license revocation. All license revocations are based solely on the criminal conviction records which the courts are statutorily required to submit to the Cabinet. Upon receipt of the court records, the Cabinet must follow the mandatory license revocation periods established by KRS 189A.070. There is no question of fact to be resolved other than what has been decided by the trial court. Upon notification by the Cabinet, a driver has the opportunity to correct any clerical error which might exist. *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). The due process the driver does receive has been fully met by the opportunity for a full

evidentiary hearing at each of his two DUI convictions. There is no additional right to dispute the automatic orders of the revocation process. A driver's license has always been a legitimately regulated privilege, not an inherently fundamental right. *Steiber, supra.*

■ *Steiber* also indicates that the only function of the trial court in relation to revocation is to assure that the license is surrendered immediately upon conviction. It is not the duty of the court to fix the license revocation period because that has already been established by the legislature through the enactment of the mandatory provisions of KRS 189A.070. License revocation is not a punishment but a cautionary measure to protect the safety of the public. *Steiber* at p. 136.

Under the law prior to 1984, license revocation under the statute in effect then was also separate from criminal penalties. The length of the revocation period was specifically contingent on whether a driver had a previous conviction of a driving-related offense and did not depend on the statute or the penalty provision. A historical review of the statutes indicates that license revocation provisions prior to 1984 were governed by the number of previous convictions and not the characterization of the conviction and that license revocations were administered by the transportation authority at that time. The function of the trial court is still ministerial and the terms of revocation and reinstatement are subject to administrative regulations. *Steiber.*

■ Bergmann was not denied due process of law by the refusal of the Transportation Cabinet to grant him a revocation hearing. He had the opportunity for a full evidentiary hearing at each of his two convictions as well as the opportunity to advise the Cabinet of any clerical or computer errors upon notification of his license revocation. *Dixon, supra.* Due process does not require a separate hearing from the criminal conviction proceedings prior to or after the license revocation became effective.

The so-called Slammer Bill of 1984 established a statutory mechanism providing for a full evidentiary hearing in the trial court for a driver arrested for DUI and for mandatory revocation by the Transportation Cabinet based solely on the record of criminal convictions. In addition, upon notification by the Cabinet of a license revocation, the driver has an opportunity to point out clerical errors to the Cabinet. Therefore the statute provides full due process to the driver. If the records are incorrect then the driver would be entitled to a proper administrative hearing with all procedural safeguards. *Dixon v. Love, supra.* This situation is very similar to that resolved in *Dixon* where the United States Supreme Court considered the constitutionality of an Illinois regulation which mandatorily revoked a license prior to a hearing after the licensee had received three prior suspensions for traffic-related convictions. It was concluded that it was not necessary to have a full evidentiary hearing prior to any adverse administrative action taken by the state relative to such licenses.

Here due process was completely satisfied when Bergmann was notified of the revocation because the only possible issue he could raise was that of clerical error. Where there is the possibility of clerical error, written objection will bring such a matter to the attention of the agency administering the revocation. *Dixon v. Love; Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979).

Clearly there is a strong governmental and societal interest in preventing drivers whose licenses have been suspended for drunk driving from operating vehicles on Kentucky highways. The risk of an erroneous deprivation of license is properly addressed and the private interest at stake is similar to that considered in *Dixon v. Love.* Consequently, the three-prong analysis to test due process concerns for those persons whose protected interests are subject to state action as set out in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed. 2d 18 (1976), has been fully satisfied.

The statutory system relating to drunk drivers enacted by the 1984 General Assembly separates the DUI criminal penalties from the DUI license revocation provi-

sions. KRS 189A.010 makes DUI a crime and sets out specific criminal penalties to be imposed upon conviction. KRS 186.560 requires the Transportation Cabinet to revoke the drivers license pursuant to the mandatory revocation periods found in KRS 189A.070. The characterization of the conviction under KRS 189A.010(2) by a court does not control the revocation period required by KRS 189A.070.

Due process rights relating to the revocation of a drivers license are protected by the statutory license revocation system pursuant to *Mathews v. Eldridge, supra.* The so-called Slammer Bill of 1984 establishes specific mandatory revocation periods which are imposed by the Transportation Cabinet which has no discretion in the length of the revocation period imposed. License revocations are based solely on proper criminal conviction records which the courts are statutorily required to submit to the Cabinet. There is no additional question of fact to be resolved. Upon notification by the Cabinet of license revocation, a driver has the opportunity to correct any clerical error.

The decision of the Court of Appeals is reversed, the judgment of the circuit court is reinstated, and the period of revocation is to be reinstated.

All concur.