**Robert D. SUTTON, Appellant,**

v.

**TRANSPORTATION CABINET, COMMONWEALTH of KENTUCKY, C. Leslie Dawson, Appellees.**

No. 88–CA–255–S.

Court of Appeals of Kentucky.

April 7, 1989.

As Modified on Denial of Rehearing June 16, 1989.

Discretionary Review Denied Sept. 20, 1989.

William L. Wiesman, Owensboro, for appellant.

Allen L. Condra, Transp. Cabinet, Madisonville, for appellees.

Before HOWARD, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

The appellant Robert D. Sutton appeals from the trial court's denial of his summa-

ry judgment motion and dismissal of his claim.

The appellant was convicted of driving under the influence of intoxicants in the state of Indiana on March 13, 1984. On October 20, 1987, he pled guilty to driving under the influence of alcohol in Kentucky in violation of KRS 189A.010. He sought to enter a driver education program as provided for by KRS 189A.070 and KRS 186.560(6), the successful completion of which permits a first-time violator of KRS 189A.010 to reduce the length of the mandatory revocation of his operator's license from six months to thirty days. The Transportation Cabinet blocked this effort, informing the appellant that he was not eligible because he was a second-time violator and under KRS 189A.070(1)(b), his driving privileges must be suspended for twelve months. KRS 189A.070 provides for various periods of license revocation for "a person convicted of violation of KRS 189A.010" depending upon the number of prior violations of that statute.

The appellant filed this action for a declaratory judgment permitting him to enter a driver improvement program and to have his license reinstated after 30 days. The trial court denied the appellant's motion for summary judgment and dismissed his claim. He argues on appeal that although he was previously convicted in Indiana of the same kind of offense as that set out in KRS 189A.010, he has, in fact, been convicted only once of violating KRS 189A.010. This statute applies only to operating a motor vehicle "anywhere in this state" and both KRS 189A.070 and 186.-560(6) expressly apply only to violations of KRS 189A.010.

While the General Assembly might well have related the length of license suspension to the number of convictions of driving under the influence anywhere, it has explicitly chosen that the length of revocation be related to the number of violations of KRS 189A.010. *See Division of Driver Licensing v. Bergmann*, Ky., 740 S.W.2d 948 (1987). It is undisputed that the appellant has been convicted only once of violating that statute. Neither we nor the cabinet is empowered to rewrite statutes to suit our notion of sound public policy when the General Assembly has clearly and unambiguously established a different notion.

The order of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.

All concur.