**Raymond L. WYATT, Appellant,**

v.

**TRANSPORTATION CABINET, Appellee.**

**No. 89–CA–002564–S.**

Court of Appeals of Kentucky.

Oct. 12, 1990.

Gina L. Nutter, Hellings & Nutter, PSC, Covington, for appellant.

Henry C. Germann, Covington, for appellee.

Before CLAYTON, HOWERTON and McDONALD, JJ.

CLAYTON, Judge:

This appeal arises from the Cabinet's revocation of Wyatt's driver's license for his refusal to submit to the breathalyzer test mandated by KRS 186.565(4). The Kenton Circuit Court affirmed the Cabinet's decision, since it was found to be supported by substantial evidence, and not to be arbitrary or capricious. After reviewing the record and the law, we affirm.

Wyatt was arrested on July 11, 1987, for operating a motor vehicle while under the influence of intoxicants (DUI). The arresting officer was not, at that time, a qualified breathalyzer operator. As a result, a second officer, qualified as an operator, in the presence of the arresting officer, offered Wyatt the test, which Wyatt refused. The consequences of the refusal were explained, but Wyatt, nonetheless, refused again to take the breathalyzer examination.

Pursuant to the affidavit of the arresting officer, the Cabinet held a hearing regarding revocation of Wyatt's license on December 18, 1987. The only testimony presented by either party was that of the arresting officer, whose testimony supported the facts summarized above. Wyatt objected to the testimony because he claimed he was denied his right to confrontation.

Based upon the facts summarized, the hearing officer recommended revocation for the statutory period. The recommendation was accepted, and an order suspending Wyatt's license was entered on December 23, 1987.

Wyatt appealed to the Kenton Circuit Court pursuant to KRS 186.565(5). On February 9, 1989, the circuit court, after reviewing the record, found the Cabinet's decision to be supported by substantial evidence and not an abuse of discretion. As a result, pursuant to CR 52.01, the order of revocation was affirmed.

The single issue presented on appeal is whether Wyatt was denied due process of law because the breathalyzer operator did not testify. In other words, Wyatt challenges the Cabinet's finding that he refused the test. It is admitted, therefore, that the Cabinet's findings, that the arresting officer had reasonable grounds to believe Wyatt was driving under the influence and that he was arrested therefor, were correct. *See* KRS 186.565(4).

Our review in this case is limited. We may consider only whether the Cabinet's decision is supported by substantial evidence or whether the decision is arbitrary or capricious. KRS 186.565(5).

In reviewing this appeal, there is no question that Wyatt is entitled to due process. A state does not have complete discretion regarding revocation of driver's licenses, but must afford drivers procedural due process. *Commonwealth, Department of Public Safety v. Walker*, Ky., 481 S.W.2d 681, 684 (1972). A trial-type hearing to determine the adjudicative facts, such as those set out in KRS 186.565(4), necessary to decide the issue of whether to revoke a license is required by due process. *See Kaelin v. City of Louisville*, Ky., 643 S.W.2d 590, 591 (1982). The requisite elements of such a hearing include an actual hearing, the taking and weighing of evidence, a finding of fact based upon an evaluation of the evidence, and conclusions of law supported by substantial evidence. *Id.* Cross-examination of witnesses is required as part of the taking and weighing

of evidence element. *Id.* at 591–92. The court in *Kaelin* did not decide the confrontation issue.

■ We do note, however, that the revocation of Wyatt's license is not a criminal proceeding. "License revocation is not a punishment but a cautionary measure to protect the safety of the public." *Commonwealth v. Steiber*, Ky., 697 S.W.2d 135, 136 (1985). As a result, the totality of rights of a criminal defendant are not necessarily available to Wyatt.

Instead, "[A] driver's license has always been a legitimately regulated privilege, not an inherently fundamental right." *Division of Driver Licensing, Department of Vehicle Regulation, Transportation Cabinet v. Bergmann*, Ky., 740 S.W.2d 948, 951 (1987). The Kentucky Supreme Court further held in *Bergmann* that a driver's due process rights regarding revocation for a conviction for DUI are adequately protected by the statutory scheme. *Id.* at 952, citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *Bergmann* is strongly persuasive authority in the present appeal. We are bound by the applicable precedents of our Supreme Court. SCR 1.030(8)(a).

■ In view of the above, we do not find that it was constitutionally necessary to have the breathalyzer operator testify at the revocation hearing. Although having the operator testify would be the better procedure, it is not necessary since Wyatt could cross-examine the arresting officer who was present at all relevant times and could testify as to the facts of the refusal, even if he was unable to quote them verbatim. We note, additionally, that Wyatt could have subpoenaed the operator if he had wanted to obtain his testimony. *See* KRS 186.565(4). As a result, we do not find that Wyatt's procedural due process rights were violated.

■ We, therefore, move on to review the Cabinet's decision. The Cabinet, in considering all the evidence, may weigh and choose the evidence it believes. *Elkin v. Commonwealth, Department of Transportation, Bureau of Vehicle Regulation,* Ky.App., 646 S.W.2d 45, 47 (1982). We have reviewed the evidence of record. We agree with the circuit court that there is substantial evidence to support the Cabinet's decision, and that it was neither arbitrary nor capricious.

We affirm the judgment of the Kenton Circuit Court.

All concur.