Christopher **CONLEY**, Plaintiff,

v.

**Commonwealth of KENTUCKY,
et al., Defendants.**

**No. Civ.A. 99–16.**

United States District Court,
E.D. Kentucky.

Aug. 30, 1999.

J. Guthrie True, David J. Guarnieri, Johnson, Judy, True & Guarnieri, Frankfort, KY, for Christopher Conley, plaintiff.

Robert S. Jones, Vanessa Lynn Armstrong, Office of the Attorney General, Frankfort, KY, for defendants.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on cross-motions for summary judgment [Record Nos. 10, 12]. An Order dated May 6, 1999 provided that the parties shall each file a motion for summary judgment, upon which time the Clerk was to submit the record for the Court's consideration [Record No. 9]. Included in the defendants' memorandum supporting their summary judgment motion was a response to Plaintiff's motion. Plaintiff timely replied to this response [Record No. 13]. Defendants have now moved to strike Plaintiff's response [Record No. 15]. Plaintiff has replied to same [Record No. 14].[1] These matters are now ripe for decision.

The Court will first consider Defendants' motion to strike. The Court notes that the defendants treated their cross-motion for summary judgment as an opportunity to respond to the plaintiff's arguments. It would seemingly be fair to permit the plaintiff to reply to same considering that the defendants have already deviated somewhat from the May 6, 1999 Court Order. The Court finds no harm in the existence of the plaintiff's reply. Hence, the defendants' motion to strike is denied, and the Court will proceed to the remaining issues at bar.

## FACTUAL BACKGROUND

The following facts are pertinent to this action. On September 27, 1997, Plaintiff was involved in a motor vehicle accident while he was driving under the influence of alcohol. This collision resulting in the assessment of several charges against him. On June 12, 1998, Plaintiff pled guilty to two counts of assault in the second degree, three counts of wanton endangerment in the first degree, and driving under the influence, first offense. Several days later, Plaintiff's license was suspended for a period of two years based on the DUI conviction and the five aforementioned felony convictions.

## ANALYSIS

Plaintiff argues that a two-year suspension of his license violates his rights under the United States and Kentucky Constitutions. He further argues that 42 U.S.C. § 1983 provides him with relief and enables the Court to order the defendants to recalculate the suspension of his license to the correct length as set forth under K.R.S. 186.560.

### I. Standard for summary judgment

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis omitted).

### II. Plaintiff's right to pursue a § 1983 claim

The Court will first determine whether § 1983 provides the plaintiff with an avenue for relief. Said statute does not

---

**1.** The Court is uncertain as to why Plaintiff's response to the motion to strike was filed two days prior to the motion to strike. Nonetheless, the Court will review both pleadings.

establish any substantive rights, but rather it provides a claimant with a cause of action if a specific portion of the United States Constitution has been violated. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir.1990).

Defendants argue that the plaintiff has failed to establish a violation of his constitutional rights, and thus their summary judgment motion should be sustained. Construing the plaintiff's complaint liberally, the Court disagrees. Plaintiff has established a claim under the Fourteenth Amendment based on a violation of his due process rights. Therefore, the Court will proceed to the substance of Plaintiff's claims.

### III. Merits of Plaintiff's due process claims

Due process is comprised of two components, one being procedural and the other being substantive. *See Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir.1996). Procedural due process simply requires that the government provide the plaintiff with a meaningful participatory role in the deliberative process of the plaintiff's rights. *See id.* Substantive due process prevents the government from oppressing the plaintiff by arbitrarily depriving him of a fundamental right or acting in a manner that shocks the conscience where the right is non-fundamental. *See id.*

### A. The existence of a procedural violation

The Supreme Court has long held that procedural due process requires proper notice and the right to be heard in a meaningful manner. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). However, these procedures must be flexible, and the extent of due process depends on the particular circumstances at hand. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593,

33 L.Ed.2d 484 (1972). The holding of a driver's license is the type of private interest that can be revoked without a predecision administrative hearing. *See Dixon v. Love*, 431 U.S. 105, 113–15, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). The *Dixon* Court held that public interest of safety on the roads and highways would be impeded should an administrative hearing be required every time a license is revoked. *See id.* at 114, 97 S.Ct. 1723.

Just as the licensee in *Dixon*, Plaintiff had the opportunity to participate in a meaningful manner in the revocation process during the "full judicial hearing in connection of each of his traffic convictions." *Id.* at 113, 97 S.Ct. 1723. "Due process does not require a separate hearing from the criminal conviction proceedings prior to or after the license revocation became effective." *Div. of Driver Licensing v. Bergmann*, 740 S.W.2d 948, 951 (Ky.1987). In light of the aforementioned cases, Plaintiff was not denied procedural due process.

### B. Substantive due process

It is obvious from *Dixon* that the holding of a driver's license is not a fundamental right.[2] In order for a substantive due process violation to have occurred in this case, it must be established that the defendants acted in a manner that "shocks the conscience of the court." *Mertik v. Blalock*, 983 F.2d 1353, 1367–68 (6th Cir. 1993) (internal quotes omitted).

Again, liberally viewing Plaintiff's claim, an incorrect application of K.R.S. 186.560 requiring a suspension of Plaintiff's license for more than three times as long as what is permissible would so shock the Court's conscience. As such, the Court will evaluate Plaintiff's claim for a substantive due process violation.

The statute at issue, K.R.S. 186.560, provides for mandatory revocation of one's driver's license for various lengths of time,

---

2. "A driver's license has always been a legitimately regulated privilege, not an inherently fundamental right." *Div. of Driver Licensing,* 740 S.W.2d at 951 (Ky.1987).

depending on the severity of the offense. It states in relevant part:

(1) The Cabinet shall forthwith revoke the license of any operator of a motor vehicle upon receiving record of his conviction of any of the following offenses:

(d) Any felony in the commission of which a motor vehicle was used;

(5) ... the revocation or denial of a license or the withdrawal of the privilege of operating a motor vehicle under this section shall be for a period of six (6) months, except that, if the same person has one (1) previous conviction of any offense enumerated in subsection (1) of this section, regardless of whether the person's license was revoked because of the previous conviction, the period of the revocation, denial, or withdrawal shall be one (1) year; if the person had more than one (1) previous conviction of the offenses considered collectively as enumerated in subsection (1) of this section, regardless of whether the person's license was revoked for any previous conviction, the period of revocation, denial, or withdrawal shall be for not less than two (2) years.

■ In the instant case, the defendants issued five separate license suspension orders. The first expired on July 23, 1998 and represented the three month suspension required for a conviction of driving under the influence, first offense. The remaining suspensions covering the five felony convictions expired or will expire on the following dates October 24, 1998, April 24, 1999, and April 24, 2000.[3] Plaintiff contends that K.R.S. 186.560(5), which provides for enhanced penalties resulting in longer revocations of driver's licenses, applies only to individuals with "previous" convictions. He urges the Court to apply the plain meaning of the statute using "previous" to mean convictions occurring prior to the triggering event. At the time Plaintiff pleaded guilty to the DUI charge

and five felony charges, he had no previous convictions. Hence, Plaintiff argues that his license should only have been suspended for six months, rather than two years.

The Court concludes that applying K.R.S. 186.560(5) in the manner suggested by the plaintiff would result in an exercise of form over substance. To read the statute to require the convictions to literally occur subsequently in time, whether by minute, hour, or day, would create a loophole which was not intended by the Kentucky General Assembly. Thus, a literal interpretation of the language of said statute would entirely thwart its purpose. The Court likens K.R.S. 186.560(5) to K.R.S. 189A.010, the "driving under the influence statute," which increases the revocation penalties for the number of offenses accumulated by the offender. Plaintiff entered a guilty plea covering six offenses. The nature and purpose of these laws is "to make drunk driving consequences more serious and not less." *Bergmann*, 740 S.W.2d at 950. For these reasons, Plaintiff's argument is unpersuasive.

The Court also finds no violation of Plaintiff's civil rights under the Kentucky Constitution. Plaintiff must be denied his requested relief.

The Cabinet did not err in revoking Plaintiff's license for a period of two years under K.R.S. 186.560(5). No genuine issue of material fact precludes the grant of summary judgment to the defendants.

Accordingly,

**IT IS ORDERED:**

(1) That Defendants' motion to strike be, and the same hereby is, **DENIED;**

(2) That Plaintiff's motion for summary judgment be, and the same hereby is, **DENIED;**

---

**3.** On April 8, 1999, the Court issued an Order removing Plaintiff's driving record from the documents filed in conjunction with the defendants' notice of removal as said driving record was not filed in state court prior to removal. Due to the absence of this record, the Court will assume that at least two of the suspensions issued by the Cabinet ran concurrently, as only four expiration dates were listed in Defendants' memorandum.

(3) That Defendants' motion for summary judgment be, and the same hereby is, **GRANTED.**