Ahmad E. ABUL–ELA, M.D., Appellant,

v.

**KENTUCKY BOARD OF MEDICAL LICENSURE, Appellee.**

No. 2004–CA–001783–MR.

Court of Appeals of Kentucky.

Dec. 8, 2006.

Discretionary Review Denied by Supreme Court April 11, 2007.

---

J. Fox DeMoisey, Louisville, KY, for appellant.

L. Chad Elder, Louisville, KY, for appellee.

Before JOHNSON and WINE, Judges; MILLER,[1] Special Judge.

## OPINION

WINE, Judge.

Ahmad E. Abul–Ela, M.D. (Dr. Abul–Ela) appeals from an order of the Jefferson Circuit Court which affirmed a January 17, 2003 order by the Kentucky Board of Medical Licensure (the Board) denying his application for licensure by endorsement. Dr. Abul–Ela argues that the Board improperly denied his application without a formal evidentiary hearing, and that the Board's procedures violated his procedural due process rights. We conclude that the Board was within its statutory authority to deny the application without a hearing. And while we have concerns about the sufficiency of the Board's notice to Dr. Abul–Ela, we conclude that any deficiencies did not affect his substantial rights. Hence, we affirm.

On March 27, 2002, Dr. Abul–Ela filed an application for a license by endorsement to practice medicine in Kentucky. At the time of the submission, he had been practicing medicine in Pennsylvania for twenty-five years. On his application, Dr. Abul–Ela disclosed that he had had eleven medical liability claims against him, two of which resulted in jury verdicts against

him, three of which were settled, four of which were currently pending, and two of which were withdrawn by the plaintiffs.

After receiving all supporting documentation and conducting its own inquiry, the Board sent a letter on April 24, 2002, advising Dr. Abul–Ela that his application would be presented "as a special licensure item due to your malpractice." The Board informed Dr. Abul–Ela that the application would be considered at the next regularly scheduled meeting on June 20, 2002.

That meeting was rescheduled for December 19, 2002. The Board states that it sent Dr. Abul–Ela notice of the re-scheduled meeting by letter dated November 20, 2002. No copy of that letter appears in the record and Dr. Abul–Ela denies that he received it. However, Dr. Abul–Ela advised the Board by letter dated November 26, 2002, that he planned to attend and address the Board at its December 19 meeting. The record also shows that Dr. Abul–Ela did, in fact, attend that meeting.

On January 17, 2003, the Board issued an order denying the application for licensure. The Board found that Dr. Abul–Ela's malpractice history, along with his dismissal from a training program in 1969, constituted grounds for denial of his application under KRS 311.595(21), 311.595(9), and 311.597(3). The Board's minutes reflect that one member opposed the motion to deny the application.

Dr. Abul–Ela filed an appeal from the Board's order pursuant to KRS 311.593(2). He argued that the Board's procedures violated the requirements of KRS Chapter 13B and his due process rights. After considering the record and arguments of counsel, the circuit court affirmed the Board's order. The court found that the specific procedures set out in KRS Chap-

1. Retired Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution.

ter 311 control over the more general provisions of Chapter 13B, and that the Board afforded Dr. Abul–Ela all the due process to which he was entitled. This appeal followed.

■■■ Judicial review of actions by the Board is limited. The courts may only disturb the Board's actions if they: (1) constitute a clear abuse of its discretion; (2) are clearly beyond its delegated authority; or (3) violate the procedure for disciplinary action as described in KRS 311.591. KRS 311.555. This standard is a codification of the test for review of administrative actions set forth in *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* 379 S.W.2d 450 (Ky.1964). On factual issues, a court reviewing the agency's decision is confined to the record of proceedings held before the administrative body and is bound by the administrative decision if it is supported by substantial evidence. *Commonwealth, Transportation Cabinet v. Cornell,* 796 S.W.2d 591, 594 (Ky.App.1990). On the other hand, this Court is authorized to review issues of law on a de novo basis. *Aubrey v. Office of Attorney General,* 994 S.W.2d 516, 519 (Ky.App.1998).

■■■ Dr. Abul–Ela first argues that the Board's hearing procedures are inconsistent with the requirements of KRS Chapter 13B. KRS 311.571(8) allows the Board to deny an application for licensure without a prior evidentiary hearing. Dr. Abul–Ela points out that the administrative hearing procedures set out in KRS Chapter 13B apply to all administrative hearings conducted by an agency except those which are specifically exempted. KRS 13B.020(1). Furthermore, an administrative hearing means "any type of formal adjudicatory process conducted by an agency as required or permitted by statute or regulation to adjudicate the legal rights, duties, privileges, or immunities of a named person." KRS 13B.010(2). Because proceedings before the Board are not among those exempted under KRS 13B.020, Dr. Abul–Ela argues that the hearing procedures set out in KRS Chapter 311 are superseded by the later-enacted hearing procedures set out in Chapter 13B.

■■■ There are three established rules of statutory construction which are relevant to analyze the apparent conflict between these statutes. These rules are: (1) that it is the duty of the court to ascertain the purpose of the General Assembly, and to give effect to the legislative purpose if it can be ascertained; (2) that conflicting Acts should be considered together and harmonized, if possible, so as to give proper effect and meaning to each of them; and (3) that as between legislation of a broad and general nature on the one hand, and legislation dealing minutely with a specific matter on the other hand the specific shall prevail over the general. *City of Bowling Green v. Board of Education of Bowling Green Independent School District,* 443 S.W.2d 243, 247 (Ky.1969).

With regard to the first prong, KRS 311.555 sets out the legislature's declaration of policy. "It is the declared policy of the General Assembly of Kentucky that the practice of medicine and osteopathy should be regulated and controlled as provided in KRS 311.530 to KRS 311.620 in order to prevent empiricism and to protect the health and safety of the public." To carry out this intention, the General Assembly has created an independent Board, "the majority of whose members are licensed physicians, with the intent that such a peer group is best qualified to regulate, control and otherwise discipline the licensees who practice medicine and osteopathy within the Commonwealth of Kentucky...." The legislature's clearly

stated policy, therefore, is that the Board should function independently of other state regulatory agencies.

With regard to the second prong, we find no inherent conflict between the procedures set out in Chapter 311 and those in Chapter 13B. We agree with Dr. Abul–Ela that the procedures set out in Chapter 13B broadly apply to all administrative hearings. However, KRS 311.571(8) allows the Board to deny a license application without a hearing. An evidentiary hearing is only required when the Board issues an order directing an applicant for a license to show cause why he should be granted a license. KRS 311.572. Thus, Chapter 13B's hearing procedures do not apply to all proceedings before the Board. And finally, we agree with the circuit court that the specific medical licensure provisions prevail over the general statutes regulating administrative process.

■ Dr. Abul–Ela next argues that KRS 311.571(8) violates his procedural due process rights by allowing the Board to deny his application without a hearing. Dr. Abul–Ela has a constitutionally protected interest in his professional license. *DeSalle v. Wright,* 969 F.2d 273, 277 (7th Cir.1992). Therefore, he has a right to procedural due process before the Board may deny his application.

■ However, procedural due process does not always require a full-blown trial-type hearing. *Kentucky Central Life Insurance Co. v. Stephens,* 897 S.W.2d 583, 590 (Ky.1995). To determine the sufficiency of due process provided in an administrative setting, the Kentucky Supreme Court adopted the three-prong analysis from *Mathews v. Eldridge,* 424 U.S. 319, 333–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18 (1976) in *Division of Driver Licensing v. Bergmann,* 740 S.W.2d 948, 951 (Ky.1987). That test requires consideration of the private interest that will be affected by the

official action; the risk of an erroneous deprivation of such interest through the procedures used; the probable value, if any, of additional or substitute procedural safeguards; and the government's interest that any additional procedural requirement would entail. *Mathews,* 424 U.S. at 335, 96 S.Ct. at 903.

While the private interest in obtaining a license to practice medicine is substantial, the state has a compelling interest in providing its citizens with quality health care. KRS 311.571(8) satisfies sufficient due process guarantees by requiring the Board to provide the applicant with reasonable notice of its intended action and a reasonable opportunity to be heard. The risk, therefore, of erroneous deprivation of a license under KRS 311.571(8) is unlikely given its notice provisions. Finally, a more formal evidentiary hearing would not give Dr. Abul–Ela any greater protection. Consequently, we conclude that KRS 311.571(8) affords a medical licensure applicant with sufficient due process.

■ The central issue in this case concerns the adequacy of the due process which the Board provided in considering Dr. Abul–Ela's application. Due process includes, at a minimum, reasonable notice of Board's intended action and a meaningful opportunity to be heard. *See Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970). As previously noted, KRS 311.571(8) requires the Board to provide both before it denies a license application.

We have some concerns about the sufficiency of the notice which the Board provided to Dr. Abul–Ela. Unfortunately, the Board failed to keep a record of all of the notices which it provided prior to the December 19, 2002, meeting. While the earlier notice from April of 2002 is included in the record, the letter which the Board

claims it sent on November 20, 2002, is not in the record. Had the Board kept a copy of the letter, this dispute likely never would have arisen.

Nevertheless, Dr. Abul–Ela clearly had notice of the December 19, 2002 meeting, as evidenced by his letter to the Board on November 26 and by the fact that he actually attended the meeting. The Board's earlier letter of April 24, 2002, was sufficient to notify Dr. Abul–Ela that his malpractice history was an area of concern. Furthermore, Dr. Abul–Ela does not indicate that he would have presented any additional evidence to explain or mitigate the previous malpractice claims against him. Therefore, we agree with the circuit court that Dr. Abul–Ela had sufficient notice that the Board would address this subject at its December 19, 2002, meeting.

However, we find no indication that the Board ever gave Dr. Abul–Ela notice regarding its concerns about his dismissal from a training program in 1969. This information was reported to the Board in the course of its investigation of the application. At the December 19 hearing, Dr. Abul–Ela verbally disputed this evidence and he continues to assert that the information was reported in error. However, the Board apparently rejected his testimony.

We conclude that the Board has failed to establish that it gave Dr. Abul–Ela adequate notice regarding his dismissal from the training program. And since Dr. Abul–Ela did not have adequate notice regarding this matter, the Board also failed to afford him with a meaningful opportunity to present evidence in rebuttal. Furthermore, while the dismissal from the training program does not appear to be determinative of the Board's decision, the Board relied on this information, at least in part, in its conclusion that the

dismissal would constitute a violation of KRS 311.595(21). However, while we find that the Board's notice was insufficient to protect Dr. Abul–Ela's procedural due process rights on this issue, we also conclude that the error was harmless.

Given Dr. Abul–Ela's more recent history of malpractice claims, we question whether his dismissal from a training program more than thirty years ago (and after which he successfully completed a residency program) was the deciding factor in the Board's decision. Moreover, Dr. Abul–Ela's malpractice history, standing alone, would have been a sufficient basis for the Board's denial of his application. Consequently, the Board's failure to afford Dr. Abul–Ela with notice of all of the matters to be addressed at the meeting was not prejudicial and is not a basis to set aside the Board's ultimate decision.

Accordingly, the order of the Jefferson Circuit Court upholding the order of the Kentucky Board of Medical Licensure is affirmed.

ALL CONCUR.